CHARLES MATTHEWS, Respondent, *v.* CHARLES A. COE, Appellant.

If there is any evidence to sustain the facts found by a referee, his conclusion, if the facts are capable of the interpretation given to them by him is final so far as this court is concerned; but where his conclusion is predicated in part upon facts not proven, which may have had some influence, the judgment will be reversed, as it cannot be determined whether those assumed facts might not have had a controlling influence. Thus, where a referee finds various facts, from which he finds an intent to evade the usury laws, and some of the material facts are unsupported by evidence, or are against evidence, it is an error of law, which is fatal to the judgment, although usury may have been predicated upon the facts proven.

The rule giving the plaintiff, in an action for the conversion of property, the benefit of the highest market price between the time of conversion and trial, is not an unqualified one. In an action against a consignee, where the evidence shows it was the intent of the owner, and the agreement between the parties, to have the property sold when it reached a certain price, and where it also appeared it would have been difficult, if not impossible, to have preserved the property until the time when the price was fixed, an allowance of a price thus fixed greater than that agreed upon is error.

The propriety of the rule itself in cases not special and exceptional questioned.

(Argued February 27, 1872; decided March 26, 1872.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial district, affirming a judgment in favor of plaintiff entered upon the report of a referee.

This action was brought to recover for an alleged conversion of warehouse receipts for 70,856 bushels of corn which were pledged by Simeon S. Losee as security for advances made by defendant. Plaintiff claimed that the agreement under which the advances were made was usurious. The action was originally commenced by Losee; subsequently he assigned to the present plaintiff all his right and interest in the claims in suit, and the latter was substituted as plaintiff.

The facts pertinent to the questions discussed sufficiently appear in the opinion.

*Amasa J. Parker* for the appellant. The right of the borrower, Losee, to avoid the securities for the advances made by defendant on the ground of usury, was not assignable. (*C. & M. R. R. Co.* v. *Kasson*, 37 N. Y., 218, 224; *Williams* v. *Tilt*, 36 id., 319, 326; *Sand* v. *Church*, 2 Seld. 347; *Billington* v. *Wagner*, 33 id., 31; *Bullard* v. *Raynor*, 30 id., 197, 206. 207; *Post* v. *Bank of Utica*, 7 Hill, 391; *Rexford* v. *Widger*, 2 Coms., 137; *Schermerhorn* v. *Tallma*, 4 Kern., 127; *Chamberlin* v. *Dempsey*, 36 N. Y., 144, 149; 11 Wend., 329; *Draper* v. *Frescott*, 29 Barb., 401; *Murry* v. *Barnes*, 34 id., 336; *De Wolf* v. *Johnson*, 11 Wheat., 329; *Mechanics' Bank* v. *Edwards*, 1 Barb., 271; 2 id., 545.) The onus of proving usurious intent was upon the plaintiff, and there was no evidence to sustain it. (*Valentine* v. *Connor*, 40 N. Y., 248; *Bullock* v. *Boyd*, Hoffman, 294; *Thomas* v. *Many*, 32 N. Y., 605, 612; *Trotter* v. *Curtes*, 19 J., 160; *Booth* v. *Sweezy*, 4 Seld., 280; *Nourse* v. *Prime*, 7 J. Ch., 69; *Smith* v. *Marvin*, 27 N. Y., 137; *Thurston* v. *Cornell*, 38 id., 281; *Condit* v. *Baldwin*, 21 id., 221; *Martin* v. *Fealer*, 8 Wend., 533; *Suydam* v. *Bartle*, 10 Paige, 94; *Suydam* v. *Westfall*, 4 Hill, 211; *Seymour* v. *Martin*, 11 Barb., 40; 19 N. Y., 161.) The referee erred in allowing as damages the price a year and a half after the commencement of the action. (*Birch* v. *Dutcher*, 34 N. Y., 495; *Scott* v. *Rogers*, 31 id., 676; *Romaine* v. *Van Allen*, 26 id., 309; *Leslie* v. *Hoffman*, 1 Ed., 475; *Ward* v. *Benson*, 31 How., 411; *Barton* v. *Fish*, 31 N. Y., 166; *Markham* v. *Jourdan*, 41 id., 235.) Plaintiff could not recover without showing payment or tender of defendant's advances. (*Beecher* v. *Ackerman*, 1 Abb. Prac., N. S., 141; 14 N. Y., 93, 191; 24 id., 170–178; 5 Seld., 73; *Rexford* v. *Widger*, 2 Coms., 131; *Post* v. *Bank of Utica*, 7 Hill, 391; 4 Kern., 127.) Finding of fact, unsupported by evidence, is error of law. (*Wegman* v. *Childs*, 41 N. Y., 159.)

*John K. Porter* for the respondent. Upon the question of usury, the law looks at the substance and the transaction

and the intent of the parties. (*Dunham* v. *Gould*, 16 J., 367; *Dunham* v. *Day*, 13 id., 45; *Suydam* v. *Bartle*, 10 Paige, 94.) Upon the facts found, the transaction was clearly usurious. (*Bank of Salina* v. *Alvord*, 31 N. Y., 473; *Fanning* v. *Dunham*, 5 J. Ch., 122; *Steele* v. *Whipple*, 21 Wend., 103.) The agreement being void for usury, defendant was answerable for conversion without demand. (*Schroeppel* v. *Corning*, 5 Denio, 236; 6 N. Y., 107.) Plaintiff, as purchaser, could clearly have alleged the invalidity of defendant's claim to the property on the ground of usury. (*Bullard* v. *Raynor*, 30 N. Y., 197, 200; *Mason* v. *Lord*, 40 id., 476; *Berdan* v. *Sedgwick*, 44 id., 626, 632; *Thompson* v. *Van Vechten*, 27 id., 568.) The cause of action was plainly assignable. (*McKee* v. *Judd*, 12 N. Y., 622; *Smith* v. *New Haven R. R. Co.*, 28 Barb., 607; *Bullard* v. *Raynor*, 30 N. Y., 200.) Irrespective of the question of usury, defendant was liable for the conversion, having sold the property pledged, without demand, without notice, and without giving an opportunity to redeem. (*Wilson* v. *Little*, 2 N. Y., 443; *Wheeler* v. *Newbold*, 16 id., 392; *Markham* v. *Jaudon*, 41 id., 235.) In such case, a tender was unnecessary. (*Dykers* v. *Alstyne*, 7 Hill, 498.) By refusing to accept tender, defendant brought himself within the well-settled principle, that he cannot revoke his disclaimer, and reassert the claim of a pledgee as against the assignee of the pledgor. (*Brown* v. *Vreedenbergh*, 43 N. Y., 195, 200; *Des Arts* v. *Leggett*, 16 id., 582.) The measure of damages was the highest value of property between the time of conversion and the trial. (*Markham* v. *Jaudon*, 41 N. Y., 235, 245; *Burt* v. *Dutcher*, 34 id., 493; *Wilson* v. *Matthews*, 24 Barb., 295.)

CHURCH, Ch. J. It is insisted by the learned counsel for the respondent that the referee's conclusion of fact, "that the consignment of the corn by Losee to Coe, at the time of the making of the loan, was for the purpose of evading the statute regulating the rate of interest for money," is conclusive upon this court, and that we have no power to review it.

This is true, with this qualification, that there must be some evidence to sustain the material facts found by the referee, upon which this conclusion is based. A finding of fact without evidence, or against the undisputed evidence, is an error in law. (*Mason* v. *Lord*, 40 N. Y., 476.) If there is any evidence to sustain all the facts found by the referee, his conclusion, if the facts are capable of his interpretation, is final, so far as this court is concerned. The referee has found that the defendant loaned to Simeon S. Losee the several sums mentioned in the complaint, and that "the condition of said loans was that Losee should pay Coe interest on the amount of money advanced at the rate of seven per cent per annum, and two and one-half per cent in addition thereto every sixty days during the continuance of the loans." The only witness who testified to the contract was the defendant himself, who was called by the plaintiff, and his evidence on that subject is uncontradicted. He testified that he loaned the money to purchase the corn, and that the contract was that he was to receive interest for the use of the money, and two and one-half per cent commission for taking care of, insuring and selling the corn, and that he was to carry it for sixty days, unless, prior to that time, the price advanced to one dollar a bushel, in which case the corn was to be sold and the transaction closed. He stated explicitly that there was no agreement to carry the corn beyond sixty days, and that, so far from there being any contract for commissions after sixty days, there was no expectation that the loan would extend beyond that period.

There is no foundation in the evidence for finding that the contract was that the plaintiff agreed to pay two and a half per cent every sixty days during the continuance of the loans. This finding is not only unsupported by any evidence, but is directly antagonistic to it. There is no possible construction of the evidence that would warrant such a finding, and it may have had a material influence in characterizing the transaction as usurious. The difference between the contract found and proved is obvious. The contract as found implies a continuous loan, with a provision in advance for a rate of interest

amounting to twenty-two per cent a year, fifteen per cent of which was for services largely fictitious. It has the appearance of a loan for an indefinite period, reserving an unlawful interest under the guise of commissions repeated at short intervals.

The contract proved is not an unusual one for consignors and factors to enter into. It appears more like a genuine transaction in the ordinary course of business. A large portion of the produce and manufactures of the country are moved and marketed under similar arrangements. The contract proved, if so intended, might be as usurious as the contract found; but the latter would, at least it might be, far more potent in determining whether the unlawful intent existed or not. In such cases the *animus* of the parties is the distinguishing feature of the transaction. We cannot say what influence this unwarranted construction of the contract had upon the judgment of the referee, that the two and a half per cent, called commissions, was, in reality, a cover for additional interest, and that the transaction was designed as an evasion of the usury laws. It is enough that it may have had some influence. If the action had been tried before a jury, and the judge had put this construction upon the contract or instructed the jury that it was capable of such a construction, the court, upon a proper exception, would have set aside the verdict. The same principle, although in a different form, applies here. The contract found is materially unlike the one proved. Upon the contract thus found, and other facts, the referee infers an intent to evade the usury laws. This was error available in this court. It is unnecessary to determine whether usury could be predicated upon the facts proved. It may be conceded that it could, but it was predicated upon facts in part not proved; and as we cannot determine whether they might not have had a controlling influence, the judgment must be reversed. Where a referee finds various facts, from which he finds an intent to evade the usury laws, and any of the material facts are unsupported by any evidence or are against evidence, it is an error in law

which is fatal to the judgment. The referee was justified, from expressions to be found in the recent decisions of the courts in this State, and, perhaps, from some of the decisions themselves, in giving the plaintiff the benefit of the highest market price between the time of conversion and trial. But whatever may be said of the propriety of such a rule, in any case not special and exceptional in its circumstances, it should not be applied in a case like this. The price was fixed a year and a half after the original action was commenced. There is not the slightest evidence tending to show that the plaintiff or his assignor contemplated or desired to keep the corn. On the contrary, it affirmatively appears that the intention was to sell it when it reached one dollar a bushel; and such was the agreement, while the price allowed was one dollar and forty-five cents. Besides, the evidence shows that it would have been difficult, if not impossible, to have preserved it until the time when the price was fixed. The element of bad faith does not exist. The defendant supposed he made a valid contract, whatever legal construction may be put upon it; and yet the recovery of $100,000 results in the loss of the $60,000 originally loaned and $52,000 besides. This latter sum is transferred from the defendant to the plaintiff, not because the latter has sustained any such loss by any act of the former, but in obedience to a supposed arbitrary rule established in such cases. It is sufficiently inconsistent with genera principles to allow a party to recover for possible and contingent damages in any case; but I have seen no decision holding that a party can recover damages for fictitious losses, which the evidence affirmatively shows he did not or could not sustain. An unqualified rule, giving a plaintiff in all cases of conversion the benefit of the highest price to the time of trial, I am persuaded cannot be upheld upon any sound principle of reason or justice. Nor does the qualification suggested in some of the opinions, that the action must be commenced within a reasonable time and prosecuted with reasonable diligence, relieve it of its objectionable character. Without intending to discuss the question at this time, we

deem it proper to say that, while the decisions and opinions of our predecessors will receive the utmost respect and consideration, we do not regard the rule referred to so firmly settled by authority as to be beyond the reach of review whenever an occasion shall render it necessary.

It must suffice now to decide that the rule, as applied in this case, was erroneous.

There are other questions in the case, but as; they may not arise upon another trial in the same form, it is unnecessary to discuss them. The judgment must be reversed and a new trial ordered, costs to abide the event.

All concur.

Judgment reversed.