Miller, J.
The court, upon the trial of this action, charged the jury that if the plaintiff was entitled to recover at all, he would be entitled to the highest price which wool of this description had reached in the market between October 24th, 1864, and the time when the action was commenced, and the defendant duly excepted to the charge.
That the charge was erroneous, I think is clearly manifest. The complaint is on a contract, and alleges that on the 24th of October, 1864, the plaintiff gave instructions to sell and dispose of the wool immediately, and claims to recover the amount which the wool would have produced, allowing one week as a reasonable time for the sale. The facts proved by the plaintiff upon the trial were in conformity with this allegation of the complaint, and as this was the basis of the contract, it appears but reasonable that the plaintiff’s claim should be satisfied by a recovery of the value of the wool within the time stated. This is all he could have had if the wool had been sold in accordance with his instructions, and there is no valid reason or sound legal principle upon which he could recover any larger amount. The market-value then, or within a reasonable time, which the complaint fixed as a single week after the time stated, would seem to furnish an ample, full and just indemnity for the damages actually sustained, and award to the plaintiff his entire demand. The later cases have modified very much the rule which prevailed in actions of tort for a conversion of property, that the damages should be the highest market-value of the same between the time of the conversion and the time of the trial. (Mark *472 ham v. Jaudon, 41 N. Y., 235; Lobdell v. Stowell, 51 id., 70.) The doctrine laid down in these cases, which followed the rule which was long considered ás the correct one, has been substantially overruled, and one more in accordance with justice, and a proper protection of the interests of parties litigant, has been inaugurated and approved. In Matthews v. Coe (49 N. Y., 57), it was held that the rule, giving the plaintiff in an action for the conversion of property the benefit of the highest market-price between the time of the conversion and trial, was not an unqualified one, and could not be upheld upon any sound principle of reason or justice. In a subsequent case (Baker v. Drake, 53 N. Y., 211), the authorities are examined and the rule of damages laid down in Markham v. Jaudon (supra) is considered as not well founded, and overruled. It is also said that an amount sufficient to indemnify the party injured for the loss, which is the natural, reasonable and proximate result of the wrongful act complained of, and which a proper degree of prudence on the part of the plaintiff would not have averted, is the proper measure of damages. Applying this rule to the case at bar, it is apparent that the charge of the judge was founded upon an erroneous principle. (See also Ormsby v. The Vermont Copper Mining Co., 56 N. Y., 623; Manufacturers and Traders’ Bank of Buffalo v. The Farmers and Mechanics’ Bank of Buffalo.*)
It is also insisted that the evidence shows that the wool reached its highest value from October twenty-fourth to January first, and that being a reasonable period, the defendant was not prejudiced lay the charge. I am not prepared to say that this was a reasonable period. Certainly it was not within the statement made by the plaintiff in the complaint before referred to. But if it was, how are we to determine from the evidence any basis upon which the jury decided. The price current list contains quotations of superfine wool almost entirely, while only a small portion of the wool delived was of this kind, and this portion was the most *473 valuable.. It is true that the plaintiff testifies that about that time he believed one quality was as high as the other. He adds, however, immediately afterward, that superfine is the coarsest; that as to its relative value with other grades he does not know, and that he is not qualified to state the value of different grades from time to time. This testimony, therefore, furnishes no sufficient criterion for assuming that the price of each kind was the same, as there was a difference in the grades, and renders it still more uncertain how the jury made up their verdict, unless we assume that the price current list was competent evidence, which, as will be seen hereafter, was not the case, and conclude that it was applicable to all the varieties of plaintiff’s wool. The proof is not sufficient to establish what is claimed, that during the period last named the value of the wool did not range higher than for a month after instructions to sell were given.
It is also urged that the plaintiff was entitled to a verdict of at least eighty cents a pound for the wool, that being admitted by the defendant’s answer. It is true that the answer denies that the wool was worth in the' market one dollar, or over eighty cents per pound, and if it was established what the number of pounds were, and what should be allowed for shrinkage, which the proof shows usually takes place, this perhaps might be done; but the difficulty is that the plaintiff and defendant disagree as to the number of pounds, and the judge, in his charge, states a different number from either. Hor is there any evidence which is entirely reliable as to any particular price. It is difficult, therefore, to say in what manner the jury arrived at the amount of damages. It may have been, as is often the case, by compromise, as the evidence does not show affirmatively any satisfactory basis upon which the verdict can be upheld. It would be a matter of conjecture and speculation to determine how the tact was, and where such is the case it will not answer for courts to undertake to sustain or even to correct the amount recovered. From the remarks already made, it is quite obvious that the claim of the plaintiff’s counsel, that the rule laid down was *474 correct for the reason that there was a continuing obligation to sell the wool from repeated orders, and the duty of the defendant as factor, and because the defendant only recovered interest from the commencement of the action, and was allowed full interest for his advances from time to time, cannot be maintained.
Independent of the charge, the court was also in error, I think, in admitting the Shipping and Price Current List as evidence of the value of the wool, without some proof showing how or in what manner it was made up; where the information it contained was obtained, or whether the quotations of prices made were derived from actual sales, or otherwise. It is not plain how a newspaper, containing the price current of merchandise, of itself, and aside from any explanation as to the authority from which it was obtained, can be made legitimate evidence of the facts stated. The accuracy and correctness of such publications depend entirely upon the sources from which the information is derived. Mere quotations from other newspapers, or information obtained from those who have not the means of procuring it, would be entitled to but little if any weight. The credit to be given to such testimony must be governed by extrinsic evidence, and cannot be determined by the newspaper itself without some proof of knowledge of the mode in which the list was made out. As there was no such testimony the evidence was entirely incompetent, and should not have been received. The authorities cited to sustain the ruling of the judge in regard to the admission of this evidence, do not include any such case.
In Lush v. Druse (4 Wend., 314), the witness who testified as to the market-price, had inquired of merchants dealing in the article, and examined their books; thus giving the source of his knowledge. In Terry v. McNiel (58 Barb., 241), it does not appear in what form the question was presented or whether any preliminary evidence had been introduced to show the accuracy of the newspaper quotations. In Cliquot’s Champagne (3 Wallace, 117), it appeared that the price cur *475 rent was procured directly from dealers in the article, and was verified by testimony which tended to show its accuracy. The objections made to the evidence were sufficient, and its admissibility cannot be upheld within these cases cited.
Without examining the other questions for the errors stated, the order of the General Term must be affirmed, and, in pursuance of the stipulation of the plaintiff’s attorneys, judgment absolute ordered for the defendant, with costs.
All concur; Church, Ch. J., and Folger, J., in result.
Order affirmed, and judgment accordingly.

 Ante, p. 40.