# SUPREME COURT.

## HENRIETTA H. WRIGHT, respondent, agt. THE BANK OF THE METROPOLIS, appellant.

*Damages — Stock — Conversion — Rule of damages in an action for conversion of stock — Question of fact for jury.*

In an action for the conversion of certain stocks taken by the defendant as collateral security and wrongfully sold and converted, the plaintiff is not entitled to recover the highest price of the stocks between the time of the conversion and the day of the trial.

The true rule of damages is their highest market value between the date of the conversion and a *reasonable time.*

What is a *reasonable time,* is a question of fact for the jury.

If the plaintiff, within a reasonable time after knowledge of the conversion of her stocks, had gone into the market and purchased an equivalent of the stock converted by the defendant, the price she would have paid would have been the true measure of damages.

Where she voluntarily omits to buy back her stocks she, by her omission, takes upon herself the hazard of the fluctuations of the market, and she will not be permitted to visit upon defendant losses sustained by her omission.

*Fourth Department, General Term, January,* 1885.

BEFORE HARDIN, *P. J.,* BOARDMAN *and* FOLLETT, *JJ.*

ACTION for conversion of stocks owned by Benjamin H. Wright. Plaintiff was substituted.

Stocks pledged to a note of $2,000 January 14, 1878, tender of payment of note and demand and refusal to deliver 9th of May, 1878, as alleged, and action commenced October 8, 1879.

At the first trial, April 5, 1881, court ordered verdict for $15,547.43. There was an appeal and reversal, court holding question should have been submitted to jury, and the last trial was the 24th of October, 1883. Verdict, $3,391.25.

*John Delehanty,* for appellant.

*W. E. Scripture,* for respondent.

HARDIN, *P. J.*—Defendant asked for a new trial and its motion was denied. Plaintiff asked for a new trial and her motion was granted.

Defendant appeals from both orders. Plaintiff does not appeal.

Whether there should be a new trial depends upon an inquiry, as to whether the court applied on the trial the true rule of damages.

This was an action for the conversion of certain stocks taken by the defendant as collateral and wrongfully sold and converted.

Plaintiff tendered payment of the debt, for the security of which her stocks were pledged, and demanded her stocks. Defendant refused, and the verdict establishes that the defendant had wrongfully converted the stocks, and wrongfully refused to deliver them upon the demand of plaintiff. Substantially the case made by plaintiff, for the conversion was like the case of *Romaine* agt. *Van Allen* (26 *N. Y.*, 309).

Plaintiff's contention now is that she is "entitled to recover as damages the highest market value of the stocks, that they may reach from the time of conversion to the time of trial."

The court charged the jury, "that if you find for the plaintiff he is entitled to recover the highest price at which these stocks could be sold in the regular open market, their highest market value between the date of their actual conversion and a reasonable time, and you are to fix it, not arbitrarily and not through sympathy or prejudice, *but* are to say what, under *all the* circumstances, would be a reasonable time within which to commence this action and also it may be reasonable diligence in prosecuting it."

Also, "that if the jury find for the plaintiff, their verdict should be rendered in the difference between the amount of

the $2,000 check for which the stock was pledged and the highest value of said stock within a reasonable time after the conversion of the stock, with legal interest on said difference to the date of the verdict."

Also, "I submit to you as a question of fact, what is a *reasonable time*?"

Defendant insisted that the court should decide as matter of law, what would be a reasonable time, but the court declined, as there was evidence bearing upon the question.

We are of the opinion that the plaintiff's contention for the highest price of the stocks up to the day of trial, is not sustained by the later authorities upon the question (*Mathews* agt. *Coe*, 49 *N. Y.*, 62; *Baker* agt. *Drake*, 53 *id.*, 211; *Baker* agt. *Drake*, 66 *id.*, 518; *Greenman* agt. *Smith*, 81 *id.*, 27; *Colt* agt. *Owens*, 90 *id.*, 371; *Porter* agt. *Wasmer*, 18 *Week. Dig.*, 346; *Page* agt. *Fowler*, 39 *Cal.*, 412; *Pinkerton* agt. *M. and L. R. R. Co.*, 42 *N. H.*, 424; *Sturges* agt. *Keath*, 57 *Ill.*, 451; *M. and T. Bank* agt. *F. and M. N. Bank*, 60 *N. Y.*, 40; *Whelan* agt. *Lynch*, *id.*, 469).

If the plaintiff, within a reasonable time after knowledge of the conversion of her stocks, had gone into the market and purchased an equivalent of the stock converted by defendant, the price he would have paid would have been, we must assume, the same as the verdict which he has recovered.

We think, therefore, that the instruction given authorized the jury to give, as we assume they did give the plaintiff such sum as measured the damages sustained by him, for which the defendant became liable by reason of its wrongful conversion of the stocks in question.

There is no evidence in the case that would have warranted punitive damages.

Defendant mistakenly supposed it had a right to sell the stocks (*Hamilton* agt. *Third Avenue R. R. Co.*, 53 *N. Y.*, 25).

Plaintiff has, in the verdict, a compensation for the wrong done by the defendant.

Her omission to buy back her stocks was voluntary, and she

ought not visit upon the defendant losses sustained by her
omission to take upon herself the hazard of the fluctuations of
the market as to the stocks in question (*White* agt. *Fuller*, 67
*Barb.*, 267; *Worth* agt. *Edmunds*, 52 *id.*, 40; *Dillon* agt. *Armstrong*, 43 *N. Y.*, 231).

If the foregoing views prevail, the order denying defendant's
motion for a new trial should be affirmed and the order granting
plaintiff's motion for a new trial should be reversed with one
bill of costs to respondent, plaintiff, and judgment should be
ordered for the plaintiff upon the verdict, with costs.

  BOARDMAN and FOLLETT, JJ., concur.