GEORGE W. STINSON *et al.*, plaintiffs in error, *vs.* HUGH HALL, sheriff, for use, defendant in error.

Where property was levied on under an attachment, claimed and found subject; but when the execution based on the judgment obtained on the attachment was placed in the hands of the sheriff and the property demanded of the claimant, he refused to deliver the same:

*Held,* that a recovery could be had on the forthcoming bond, without proof that the aforesaid property had been advertised for sale. The refusal to deliver the property was a forfeiture of the bond.

Claim: Forthcoming bond. Levy and sale. Before Judge JAMES JOHNSON. Talbot Superior Court. March Term, 1875.

Reported in the decision.

LITTLE & CRAWFORD, for plaintiffs in error.

WILLIS & WILLIS, for defendant.

WARNER, Chief Justice.

It appears from the record in this case that an attachment was issued in favor of Allen against Morgan, returnable to Upson superior court, which was levied on certain described property as the property of the defendant, by the sheriff of Talbot county, which was claimed by George Stinson in terms of the statute, he giving bond with security to the sheriff who left the property levied on in the possession of the claimant. The condition of the bond was, that the claimant should well and truly deliver to said sheriff said property at the time and place of sale in the event it should be found subject to the attachment. The property was found subject on the trial of the claim. An execution was issued against the property attached as the property of the defendant in attachment, and placed in the hands of the sheriff of Talbot county; and the property attached not being forthcoming to be levied on in satisfaction of the attachment execution, suit was instituted on the claimant's bond by the plaintiff, alleging, as a breach

Stinson *et al. vs.* Hall.

thereof, that the property had been found subject to the attachment, and that the defendant had been called on and the property demanded of him, to be sold to satisfy said judgment and execution, in accordance with the stipulations contained in the bond, but that the defendant refused to deliver the same, or to pay the plaintiff's said judgment.

On the trial of the case the sheriff testified that after the execution was placed in his hands he demanded of the defendant, Stinson, the property levied on, who refused to deliver the same to him, and that it was of the value of $200 00; that he had searched for the property but could not find it. The court charged the jury, "that if the sheriff, after the execution was placed in his hands, demanded the property from the defendant, and the defendant refused to deliver the same, then, whether the same had been advertised for sale or not, the refusal to deliver the property was a forfeiture of the bond, and entitled the plaintiff to recover." To which charge the defendants excepted. The jury found a verdict for the plaintiff for the sum of $186 87.

There being no legal evidence that the property was advertised for sale after it was found subject to the attachment, the question is, whether, under the evidence in the record, the plaintiff was entitled to recover without proving that the property was advertised for sale? The 3329th section of the Code contemplates that when a judgment shall have been obtained in an attachment case, an execution shall issue on that judgment against the property attached, and that property only shall be levied on and sold under such execution. Before the execution issued on the judgment placed in the sheriff's hands could have been levied on the property attached for the purpose of making sale thereof, at the proper time and place of sale, which the defendant had bound himself in his claim bond to deliver to the sheriff for that purpose, it was necessary that the defendant should have had the property forthcoming and accessible to be levied on by the sheriff, in order that he might sell it at the time and place of sale as required by law. But the evidence in the record shows that when the sheriff demanded the

property of the defendant in order that he might levy the execution upon it, the defendant refused to deliver the property, and the sheriff could not find it. The position which the defendant assumes in his defense to the suit upon his bond amounts to this: it is true I bound myself to deliver the property to the sheriff which was left in my possession, under my claim to it, if found subject at the time and place of sale, but I will refuse to produce it when demanded by the sheriff, so that he cannot levy the execution upon it and advertise it to be sold at the time and place of sale as required by law, therefore I have not broken the obligation of my bond because he has not advertised it. In view of the evidence contained in the record, we find no error in the charge of the court to the jury.

Let the judgment of the court below be affirmed.