### 13371. REESE *et al. v.* BRINKLEY, for use, etc.

BROYLES, C. J. 1. "In a suit upon a forthcoming bond, the only question to be decided is whether or not there has been a breach of the bond. No issue can properly be raised as to the title of the property involved." *McFarland* v. *Lee*, 10 *Ga. App.* 698 (2) (73 S. E. 1091), and citation.

2. In a suit upon a forthcoming bond, proof that the defendant (the principal on the bond) refused, upon demand, to deliver the property which has been found subject, shows a breach of the bond. This is true although it was recited in the bond that the property was to be forthcoming at the time and place of sale, and the proof failed to show that the property had been advertised for sale, or that the defendant had failed to produce it at the time and place of sale. *Stinson* v. *Hall*, 54 *Ga.* 676.

3. The court did not err in overruling the demurrer to the petition, or in sustaining the demurrer to the defendant's answer.

4. The verdict was amply authorized by the evidence, and none of the grounds of the amendment to the motion for a new trial shows reversible error.

5. This court not being satisfied that the writ of error was prosecuted for the purpose of delay only, the request of the defendant in error for the award of damages is denied.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*
DECIDED MAY 10, 1922.

Complaint; from Warren superior court — Judge Shurley. January 28, 1922.

*M. L. Felts,* for plaintiff in error.

*L. D. McGregor,* contra.