Hays *vs.* Callaway.

MAHALA HAYS, plaintiff in error, *vs.* CARLTON B. CALLAWAY, defendant in error.

1. Where one party to the contract is dead, the other, if a party to the record, is not competent to testify to any transactions touching said contract, or varying its terms, or in respect to its fulfilment or not by the dead party.
2. An instrument as follows: "December 28, 1869. I do this day agree to pay C. B. Callaway fourteen hundred pounds of good middling cotton by the 1st of September, 1870, for one bay horse, known as the Bill horse; in case of any failure on my part, then the horse shall be returned to C. B. Callaway in good order," passed the title in the horse to the purchaser, and if the price was not paid, or the horse returned, by the 1st of September, 1870, Callaway had the right then to sue, and if he did not sue until March, 1875, his action was barred by the statute of limitations.

Witness. Contracts. Title. Statute of Limitations. Before Judge CLARK. Lee Superior Court. March Term, 1876.

Reported in the opinion.

FRED. H. WEST, by brief, for plaintiff in error.

No appearance for defendant.

JACKSON, Judge.

This was an action of trover brought by Callaway against Mahala Hays to recover a horse. The horse was transferred to Mahala's husband, a colored man, who kept it till his death, nearly five years after the trade, and then left it in possession of his widow. Callaway then sued the widow for the horse. The jury, under the charge of the court, found for the plaintiff, Callaway; the defendant moved for a new trial on two grounds, both of which were overruled, and she excepted.

1. Callaway was offered as a witness to prove that Hays merely kept the horse without asserting title, and had never paid for him under the contract. He was objected to as in-

competent; the court held him to be a competent witness to prove these facts, and the first question is, was he competent? We think not. He was a party to the record, and was called to testify about transactions with the other party to the contract, who was dead, touching that contract, its performance or non-performance, and the manner in which the horse was held under the contract, varying its written terms, and their effect. The contract was in writing, and reads as follows: "I do this day agree to pay C. B. Callaway fourteen hundred pounds of good middling cotton by the 1st of September, 1870, for one bay horse, known as the Bill horse; in case of any failure on my part, then the horse shall be returned to C. B. Callaway in good order." The facts proven by Callaway were, that Hays did not pay him for the horse, and afterwards agreed to keep him as Callaway's horse. Hays was not alive to confront Callaway on these vital issues, and Callaway was not competent to prove them.

2. This contract was made in 1869, and payment was to be made in September, 1870, or the horse to be returned. The court charged that no title passed to Hays by the contract, and the right of action in Callaway did not accrue until Hays set up title; and this is the second error complained of; and again we differ with the presiding judge. The title did pass, we think. The breach of the contract of payment, or the return of the horse, was made in September, 1870, and Callaway could then sue. Failing to sue until 1875, he was barred.

Let the judgment be reversed, and a new trial be granted.