## WHITLEY *v.* JAMES *et al.*

1. Where a purchaser is charged with notice that an agent is only authorized to sell for cash, a sale on credit may be treated as void by the principal.
2. A conveyance by an agent authorized to sell, if made to a corporation of which he is president and a stockholder, may likewise be treated as void by the principal.
3. But the agent actually having a power to sell, the sale under such circumstances was not absolutely void; but could be validated by the principal.
4. Ratification will result, by operation of law, from the principal's acquiescence in such sale for an unreasonable length of time after notice of the agent's conduct.
5. If there were special reasons why the principal did not know of such sale, or if there be facts excusing the delay in bringing the suit, the same should be specially averred in order to prevent the defendant, by demurrer, from taking advantage of the acquiescence implied from the non-action for long lapse of time.
6. Such acquiescence will be implied where it appears that the purchaser entered under a recorded deed in 1889 and remained in possession until 1903, when the suit was brought for the recovery of the real estate.

Argued November 18, — Decided December 21, 1904.

Equitable petition. Before Judge Gober. Douglas superior court. September 24, 1903.

This was an equitable petition against the Douglasville Mineral Land and Improvement Company, Georgia Western Cotton Mills, New Century Cotton Mills, and J. S. James, for the recovery of certain land, cancellation, removal of cloud,

and for an accounting. The petition alleged that James was the attorney of General Gordon and General Colquitt to sell their interest in land lying in Douglas county, with power to make deeds thereto and receive the money therefor, "but said power did not authorize him to sell for anything except cash." It was alleged that by deed dated January, 1889, and recorded May 27, 1889, a sale was made to the Mineral Company, of which James was president; that the land passed by successive conveyances to the Georgia Western Cotton Mills and to the New Century Cotton Mills, of each of which James was president; that the New Century Cotton Mills was in possession of the land at the time of the suit; that no payments had ever been made to General Gordon for his interest in the land; and that the several corporations each knew of the agent's want of authority to sell except for cash. It also appeared that on February 12, 1903, General Gordon executed an instrument by which he transferred to Whitley all of his interest in certain lands in Douglas county, "said lands having been sold or transferred by J. S. James. This quitclaim deed is to convey to T. R. Whitley all my interest arising from any sale of said land in as full and complete a manner as I held the same." The agreement further provided as to the disposition to be made of "all moneys arising from any settlement he [Whitley] may make with J. S. James." There was a somewhat similar agreement from the heirs of General Colquitt, but the plaintiff dismissed his suit in so far as there was any right of action based on this latter transfer or conveyance. The petition contained a detailed statement of the facts and circumstances on which the plaintiff relied; but the foregoing is all that is necessary to a consideration of the controlling points in the case. There were general and special demurrers. The court sustained the same in so far as the petition sought any recovery against the three corporations, with the result that James was left as the sole defendant. He filed no exceptions to the judgment retaining him as a defendant; and the plaintiff Whitley excepted to the judgment striking the other three parties.

*J. D. Kilpatrick, Felder & Rountree,* and *B. G. Griggs,* for plaintiff. *J. S. James* and *Roberts & Hutcheson,* for defendants.

LAMAR, J. (After stating the foregoing facts.) 1. The petition alleges that the unauthorized credit sale was made by the

agent in 1889 ; that the deed was recorded in the same year; and that the defendant corporations had been in possession from that date until April, 1903, when the present suit was filed, a period of fourteen years. If the original purchaser knew, or was charged with notice, that the agent was exceeding his authority in making a sale on credit instead of for cash, this would put the conveyance where it could be treated as void at the option of the principal. Civil Code, § 3021. Compare *Loveless* v. *Fowler*, 79 *Ga.* 135; Lumpkin *v.* Wilson, 5 Heisk. 555.

2. If on the other hand the sale is attacked because the agent of the vendor was also president or agent of the purchaser, the effect of the dual agency would authorize the principal to repudiate the transaction. Civil Code, § 3010 ; *Red Cypress Lumber Co.* v. *Perry*, 118 *Ga.* 876 ; *Moore* v. *Carey*, 116 *Ga.* 28; Story on Agency (8th ed.), § 211.

3. But whether the attack is because of the dual agency or of a violation of the instructions, the sale was not absolutely void so as to be incapable of ratification. The agent actually had the power to sell. There was at least an attempted execution of the power, and the principal could waive the violation of instructions, or the results of the inconsistent positions. The ratification, whether soon or late, was the equivalent of an original command, and cured any defect in the execution of the power. The ratification must, of course, be with knowledge of the material facts ; nor would the principal be required to repudiate the act of his agent immediately upon the discovery that there had been anything which rendered the sale voidable. But if, after knowledge of what the agent had done, the principal made no objection for an unreasonable time, a ratification would result by operation of law. What is a period long enough to bring about such a result would usually be a question for the jury, depending upon the peculiar circumstances of each case. But, in proceeding to recover the land and set aside the deed, the pleadings of the principal may themselves allege enough to show a ratification results as matter of law. In the analogous case of voidable sale to himself by an administrator, it has been held that failure to repudiate for seven years will raise the presumption that the owner acquiesces in the irregular and voidable sale. Advantage can be taken of such lapse of time by a demurrer. Civil Code, § 3775; *Griffin* v. *Stephens*, 119 *Ga.* 139, and cit. If there be

a good and sufficient explanation as to why the principal did not know of the transaction, or had been unable to discover it, or if there be an excuse for delay in bringing the suit, these facts would have to be specially averred in order to prevent the defendant from taking advantage of the acquiescence implied by non-action for a long lapse of time. Whether, therefore, the statute of limitations be treated as a bar to the remedy, or raising a presumption of payment, the demurrer was properly sustained. The purchaser took possession in 1889. This was itself some notice, and when followed by continued possession under a deed recorded for fourteen years, with nothing to explain why the principal did not know, or could not learn by the exercise of ordinary care, of what had been done, the case was within and not without the rule. The period was long enough to raise the presumption of acquiescence in the act of the agent. Such acquiescence validated the deed. The validation conveyed the title completely to the purchaser. The claim for purchase-money is barred, there being no averment of a written or sealed promise to pay the purchase-price. *Hayes* v. *Callaway*, 58 *Ga.* 288 (2).

These conclusions make it unnecessary to consider the effect of the recitals in the transfer or conveyance to Whitley. They are strengthened, however, by a consideration of the recital therein as to the "land sold by James." This itself goes far to indicate a ratification of the sale but with a transfer of the principal's claim for what would be due on an accounting. But, while the question was argued, the record does not present any question as to whether, under Civil Code, § 3079, this claim could be assigned; for James did not except to the judgment retaining him as a party defendant, and that dismissing the corporations was proper. *Judgment affirmed. All the Justices concur.*