7558.  BROOKE & COMPANY *v.* CUNNINGHAM BROTHERS.

BROYLES, J.  1.  The refusal to strike an answer on motion, or the overruling of a demurrer, can not properly be assigned as error in a motion for a new trial. *Willbanks* v. *Untriner,* 98 *Ga.* 801 (25 S. E. 841); *Mitchell* v. *Masury,* 132 *Ga.* 360 (9), 361 (64 S. E. 275); *Eldorado Jewelry Co.* v. *Hitchcock,* 136 *Ga.* 22 (70 S. E. 658); *Kelly* v. *Malone,* 5 *Ga. App.* 618 (63 S. E. 639); *Rodgers* v. *Hill-Williamson Co.,* 11 *Ga. App.* 133 (74 S. E. 899).  There being no appropriate exception to the overruling of the demurrer to the answer, the question of the correctness of the court's ruling in this particular is not before this court for determination.

2.  Hearsay evidence is generally not admissible, but such evidence is admissible as to the market value of an article.  The value or market price of an article may be shown by either direct or circumstantial evidence, or both (*Atlantic Coast Line Railroad Co.* v. *Harris,* 1 *Ga. App.* 667, 57 S. E. 1030; *Landrum* v. *Swann,* 8 *Ga. App.* 209, 68 S. E. 862), and it is no objection to the evidence of a witness testifying as to the market value of something that such evidence rests on hearsay.  1 Wharton on Evidence, § 449; *Landrum* v. *Swann,* supra.

3.  There was no error in the admission in evidence of the night-telegram. This telegram, in connection with the other correspondence in the case, tended to show a valid contract made between the plaintiff and the defendant, and was admissible for what it was worth.

4.  The written correspondence in the case, including the signed memorandum of the sale and its terms, given to Brooke & Company, the defendants in the court below, and signed by Branan-Seignious Company, was sufficient to take the contract out of the statute of frauds.  The evi-

dence showed conclusively that Branan-Seignious Company were the agents of Cunningham Brothers, the plaintiffs, and had been authorized by the latter, in writing, to sell several thousand bales of Bermuda hay at $9 per ton or better, and that, acting on this authority, Branan-Seignious Company sold to Brooke & Company ten carloads of such hay at the price authorized, gave to Brooke & Company a signed memorandum of the sale and its terms, and likewise sent a notice and memorandum of the sale to Cunningham Brothers, both by wire and letter. While the word "confirm" appears in the telegram sent to Cunningham Brothers by Branan-Seignious Company, in which the former were notified of the sale made by the latter to Brooke & Company, it is undisputed that Brooke & Company knew nothing of this telegram. Cunningham Brothers did not notify Brooke & Company or Branan-Seignious Company that the sale made by the brokers would not be accepted, nor that the hay would not be shipped. Branan-Seignious Company, in addition to the signed memoranda sent to both the plaintiff and the defendant, entered in their sales-book a memorandum showing the full and complete transaction between the parties. A broker's memorandum as to the sale of property is sufficient evidence of the contract to satisfy the statute of frauds and to create a binding contract between the parties. *Mohr* v. *Dillon*, 80 *Ga.* 572 (5 S. E. 770) ; *Lester* v. *Heidt*, 86 *Ga.* 226 (12 S. E. 214, 10 L. R. A. 108) ; *North* v. *Mendel*, 73 *Ga.* 400 (2), 403 (54 Am. R. 879). The memorandum of the sale, made and signed by Branan-Seignious Company, was binding on both Cunningham Brothers and Brooke & Company, the evidence in the case disclosing that the brokers, in the transaction involved, were not only the agents of Cunningham Brothers, but were also the agents of Brooke & Company. The written memorandum of these brokers, signed by them, was binding upon both parties and was sufficient to take the contract out of the statute of frauds. 19 Cyc. 191; Story on Agency (9th ed.), § 28; Lawrence *v.* Gallagher, 42 N. Y. Super. Ct. 309; Benjamin on Sales (2d ed.), §§ 275, 300, 301; Wharton on Agency, § 715; Schlesinger *v.* Texas & St. L. Ry. Co., 87 Mo. 146; Woods *v.* Rocchi, 32 La. 210.

5. The act of an agent in selling an article for his principal may be ratified by the principal, even if the agent was unauthorized in the first place to make the sale, and such ratification may be implied from the acts or the silence of the principal. Civil Code, § 3591. Where a principal is informed by his agent of what he has done, the principal must express his dissatisfaction within a reasonable time, otherwise his assent to his agent's acts will be presumed. Carnes *v.* Bleecker, 12 Johns. (N. Y.) 300; Foster *v.* Rockwell, 104 Mass. 170. Ratification will be inferred where the agent has notified the principal by letter of his act and the principal has not repudiated it. Unless the principal repudiates the act promptly or within a reasonable time, a ratification will be presumed. *Bray* v. *Gunn*, 53 *Ga.* 144; *Owsley* v. *Woolhopter*, 14 *Ga.* 124; *Mapp* v. *Phillips*, 32 *Ga.* 72; *Smith* v. *Holbrook*, 99 *Ga.* 256 (25 S. E. 627) ; *Whitley* v. *James*, 121 *Ga.* 521 (49 S. E. 600). Under the facts of this case, even if Branan-Seignious Company were unauthorized to make the sale to Brooke & Company for Cunningham Brothers, the lat-

ter's conduct and silence, after knowledge of the contract, amounted in law to a ratification thereof.

6. This was the second trial of the case, judgment having been rendered twice, by the trial 'judge sitting without the intervention of a jury, in favor of the defendants, Brooke & Company, against the plaintiffs, Cunningham Brothers, for the sum of $57, and costs, as a set-off against the demand of the plaintiffs. The judgment was authorized by the evidence; no error of law appears, and the appellate division of the municipal court of Atlanta (Fulton section) erred in granting the motion for a new trial.　　　　　　　　　　　　　　　　　*Judgment reversed.*

DECIDED NOVEMBER 22, 1916. REHEARING DENIED DECEMBER 8, 1916.

Complaint; from municipal court of Atlanta. April 18, 1916.

*Jones & Chambers,* for plaintiffs in error.

*Walter R. Brown,* contra.