12151. BENNETT *v.* WEIL BROTHERS.

STEPHENS, J. 1. Where a plaintiff in trover, who had placed a number of bales of cotton with the defendant and borrowed from the defendant a sum of money upon the cotton as security for the loan, alleged a conversion of the cotton by the defendant, a verdict finding against the plaintiff's contention was authorized by the evidence, where it appeared that the sale of the cotton by the defendant was authorized and assented to by

the plaintiff. *Brooke* v. *Cunningham*, 19 *Ga. App.* 21 (5) (90 S. E. 1037).

2. Where the defendant, after having been instructed by the plaintiff to sell the cotton, notified the plaintiff that the defendant would on a named date in the future, in the absence of any instruction from the plaintiff to the contrary, place the plaintiff's cotton "on call," a failure by the plaintiff to answer the defendant within a reasonable time after the receipt of the defendant's notice would authorize the inference that the plaintiff assented to his cotton being placed "on call."

3. The term "on call," according to the evidence, is a term known to persons engaged in the cotton business, and means that cotton placed "on call" is sold but the price remains unfixed, and that the owner has until a set date in the future to name the market price of the cotton on any day between the day the cotton is placed "on call" and the set day as the price at which the owner is entitled to a settlement for the cotton.

4. Where the defendant, in a letter mailed to the plaintiff on August 6, notified the plaintiff that the defendant would place the plaintiff's cotton "on call," and, not receiving a reply from the plaintiff, the defendant did, on August 12, six days thereafter, place the cotton on call, and thereby sold the identical cotton, it was a question of fact for the jury to determine, from the evidence as to the proximity of the plaintiff's residence to the place of business of the defendant and other circumstances in the case, whether or not the defendant gave to the plaintiff a reasonable notice of the defendant's intention to place the plaintiff's cotton "on call." The question as to reasonable notice was properly submitted by the court to the jury.

5. It being in evidence that the cotton was placed "on call," to be closed out by September 25, a failure of the plaintiff to object to this disposition of his cotton by the defendant, after having been notified on or about August 6 of the defendant's intention to place the cotton "on call," would authorize the conclusion that the plaintiff, after the expiration of the period fixed, was estopped from denying the defendant's right to dispose of the cotton after having placed the same "on call." There was therefore no error in allowing a witness for the defendant to testify that if the plaintiff, at any time during the period when the cotton was "on call," had interposed any objection to such disposition of the cotton, the defendant could have, without any loss to himself, replaced the plaintiff's cotton which had been sold.

6. The charge of the court is not susceptible to the construction that the plaintiff had until September 25 to object to the cotton being placed on call, or that the sale of the cotton took place, on that date, but the court fairly instructed the jury that the plaintiff had only until the date the cotton was placed "on call" to object, and that they could consider whether or not this was a reasonable time.

7. The evidence authorized the charge given on the law applicable to factors, and also on the law applicable to warehousemen. The court also properly charged the entire law contained in section 3530 of the Civil Code (1910) relative to a pledgee's sale of property pledged.

8. The court properly submitted all the issues to the jury, and nowhere erred as set out in the plaintiff's motion for a new trial.

9. The evidence authorized the inference that the cotton was, with the plaintiff's consent, placed "on call," and that the plaintiff was entitled to recover only the amount which the cotton brought when sold under such an arrangement, less any indebtedness due by the plaintiff to the defendant. The court therefore did not err in overruling the plaintiff's motion for a new trial, complaining of the verdict rendered in his favor for only such an amount.

*Judgment affirmed. Jenkins, P. J., and Hill, J., concur.*
DECIDED MARCH 2, 1922.

Trover; from Clarke superior court — Judge Cobb.     January 15, 1921.

*W. L. Nix, Lamar C. Rucker,* for plaintiff.

*Shackelford & Meadow,* for defendants.