14883.  GLISSON, adm'r, *v.* BURKHALTER.

BELL, J. 1. A reservation of title, embraced in a written contract for the sale of personalty, will prevail over the claim of one acquiring the property from the vendee with actual notice of the reservation, though the contract be not recorded. Civil Code (1910), § 3319; *Hill* v. *Ludden*, 113 *Ga.* 320 (2) (38 S. E. 752); *Donalson* v. *Thomason*, 137 *Ga.* 848 (2) (74 S. E. 762).

2. A writing in the following form, signed by the vendor in such a contract: "Mr. John Lawson [the vendee in the conditional-sale contract] is hereby permitted to sell either Kate or Ida mule [the property to which the title was reserved] for not less than $250, and bring me the

money," when delivered by the vendee to the person to whom he proposed to sell one of the mules, was a sufficient circumstance to authorize an inference by the jury that the latter, when acquiring the property from the bearer of the writing, had notice of the reservation of title. "Notice sufficient to excite attention and put a party on inquiry is notice of everything to which it is afterwards found such inquiry might have led. Ignorance of a fact, due to negligence, is equivalent to knowledge, in fixing the rights of the parties." Civil Code (1910), § 4530.

3. Such a writing amounted to a power of attorney to the vendee to make a sale of one of the mules. Authority to an agent to execute in behalf of his principal a definite contract upon specified terms does not, without more, imply authority to make a different contract. *Crawley* v. *Watt-Holmes Hardware Co.*, 12 *Ga. App.* 367 (2) (77 S. E. 106). Where a purchaser is charged with notice that an agent is only authorized to sell for cash, a sale on credit, or a barter, may be treated as void by the principal. *Whitley* v. *James*, 121 *Ga.* 521 (1) (49 S. E. 600). This ruling is not in conflict with *Clarke* v. *McNatt*, 132 *Ga.* 610 (4) (64 S. E. 795, 26 L. R. A. (N. S.) 585). It indisputably appeared in this case that the holder of the above-mentioned power of attorney violated its terms by making a barter, instead of a sale, and that the plaintiff did not receive any of the proceeds, and that the other party to the transaction had knowledge, from the terms of the power of attorney, which was delivered to him at the time, that the agent was violating his instructions.

4. While such an unauthorized transaction by an agent may be validated by the principal, and ratification will result by operation of law from the principal's acquiescence therein for an unreasonable length of time after notice (*Whitley* v. *James*, 121 *Ga.* 521 (3, 4), 49 S. E. 600; *Brooke* v. *Cunningham*, 19 *Ga. App.* 21 (5), 90 S. E. 1037), yet what is a reasonable time is ordinarily a question for the jury (*Coursey* v. *Consolidated Naval Stores Co.*, 22 *Ga. App.* 538 (3)); and the circumstances were not such in this case as to require a holding, as a matter of law, that the plaintiff's delay, after knowledge, in either affirming or disaffirming the unauthorized conduct of his agent (the vendee in the conditional sale) continued for such a length of time as conclusively to imply a ratification. When the plaintiff showed that the transaction was unauthorized, and therefore voidable by him, the burden was shifted to the opposite party to show a ratification. *De Vaughn* v. *McLeroy*, 82 *Ga.* 687 (4 d) (10 S. E. 211).

5. The present action was instituted for the recovery of the mule disposed of by the vendee by a barter in violation of the instructions contained in the above-quoted power of attorney. It was claimed by the defendant that the plaintiff was concluded by a former suit against his vendee (or agent), involving the transaction now complained of, which suit, it was contended by the defendant, had been settled. While it is true that a settlement of pending litigation should put an end to the subject-matter of the controversy (Civil Code of 1910, § 4330; *Boswell* v. *Gillen*, 131 *Ga.* 310 (1), 62 S. E. 187), yet it is further true that where such a settlement is pleaded as an estoppel, the burden is upon the party relying thereon to sustain the plea by showing that the particu-

lar matter in controversy was necessarily or actually involved in the former litigation. *Harris* v. *Neil*, 144 *Ga.* 519 (2) (87 S. E. 661). And even if such a plea was pertinent in the instant case, the parts of the record of the prior suit introduced in evidence by the defendant did not show anything as to the nature of the controversy therein, but showed merely certain isolated facts; and the undisputed fact that the former litigation had been settled, without more, did not sustain the defendant's plea.

6. If in such former litigation against the vendee in the conditional sale,— namely, the party who violated the above-quoted power of attorney by bartering the property instead of selling it,—the plaintiff had claimed the proceeds of such barter, this might have amounted to a ratification of the unauthorized transaction now complained of, or to an election which would preclude the plaintiff from now asserting title (*Padgett* v. *Ford*, 117 *Ga.* 508 (3), 43 S. E. 1002; *City of Elberton* v. *Auld*, 28 *Ga. App.* 60, 110 S. E. 424), but it is noticed that the parties to the two actions were not the same, and no decision of this question is necessary and none is made, since it does not appear, as stated in the preceding paragraph, what was the nature of the prior proceeding, and therefore it cannot be determined whether in any event the plaintiff should be held thereby to an election or ratification.

7. The action was not instituted against the alleged tort feasor, but against his administrator. This court held in *Alexander* v. *Dean*, 29 *Ga. App.* 722 (116 S. E. 643), that such an action was not maintainable; but no ruling was invoked in the present case, as was done in that case, against the plaintiff's right to proceed. No such question is involved in the record or raised by the briefs, and the point will be treated as waived.

8. There was·no error in overruling the defendant's motion for a new trial, for any reason urged.

    *Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

    DECIDED DECEMBER 7, 1923.

Trover; from city court of Reidsville—Judge Cowart. July 12, 1923.

*Kirkland & Kirkland,* for plaintiff in error.
*H. H. Elders, S. B. McCall,* contra.