**ADVANCE MORTGAGE CORPORA-
TION, Plaintiff-Appellant,**

v.

**GUARANTY TITLE INSURANCE COM-
PANY, Atlanta Federal Savings & Loan
Association, et al., Defendants-Appel-
lees.**

No. 27676
Summary Calendar.

United States Court of Appeals
Fifth Circuit.

Sept. 25, 1969.

---

Michael A. Doyle, Lloyd T. Whitaker, Atlanta, Ga., of counsel; Alston, Miller & Gaines, Atlanta, Ga., for appellant.

William G. Grant, Benjamin L. Johnson, Atlanta, Ga., Mitchell, Pate & Anderson, Atlanta, Ga., of counsel, for appellees.

Before THORNBERRY, MORGAN and CARSWELL, Circuit Judges.

PER CURIAM:

In this Georgia diversity case, appellant Advance Mortgage Corporation (Advance) seeks to cancel mortgages held by appellees on two parcels of property in which Advance also asserts an interest. The district court granted summary judgment for appellees, and we affirm.[1]

---

[1] Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the Clerk to place the case on the Summary Calendar and to notify the parties in writing. *See* Murphy v. Houma Well Service, 5th Cir. 1969, 409 F.2d 804.

The case arose out of apparent misfeasance of an attorney named Hames, whom Advance retained to execute foreclosures and other legal work concerning its interests in Georgia. In the course of this work, Hames foreclosed on the two parcels at issue here, making out deeds to his secretary, Cole. Advance recognized Cole's name and required her to quitclaim the properties back to it. Undaunted, Hames procured another buyer, one Stanley W. Johnson, who, it was later revealed, was his son-in-law. Equally undaunted by its first misadventure with Hames, and apparently not knowing that Johnson was related to him, Advance agreed to this sale, which was at a slightly higher price than the sale to Cole would have been. Thereupon, Hames signed Johnson's name to deeds to two conduits, Cole in one instance and a controlled corporation, Herald Realty, Inc., in the other, and procured loans on the properties from the appellees. Cole and Herald executed the mortgages at issue here to appellees to secure the loans. Advance feared, with justification as it later proved, that Hames' account with it on these and other transactions might never be paid, so it required Hames to execute a security instrument to it on the two properties when it learned of the tortuous transactions involved here. This interest was expressly made subject to the senior interests of appellees.

Advance has already had its recovery of the proceeds of the foreclosure sale from Hames adjudicated, but it seeks in addition to cancel appellees' mortgages as a cloud upon "its title." At the outset, we reject Advance's claim that the trial court, in holding for appellees, denied it the right to sue in the alternative in contravention of Fed.R.Civ.P. 8. If it had a cause of action against appellees, Advance could get judgment against them. The trial court denied relief not because Advance had a cause of action against Hames but because it found this suit to be lacking in merit.

In the trial court, Advance presented the following three theories in support of its suit: (1) That the foreclosure sale was void because of several technical defects; (2) that the foreclosure sale, the deeds to Johnson, and the deeds from Johnson to Cole and Herald Realty were all void for want to delivery; and (3) that the deeds from Johnson to Cole and Herald were void as technical forgeries. The trouble with the first argument, as the trial court pointed out, is that Advance had acquired its title by the foreclosure sale and had subsequently warranted title in its conveyance to Johnson; consequently, it could not attack appellees' interests by attacking the foreclosure. The trial court disposed of the second argument, correctly, we think, by showing that the conception of delivery relied upon by Advance was far narrower than the applicable Georgia law.

Advance appears largely to have abandoned these first two contentions and pitches its appeal mainly on the third. This argument rests on the narrow and technical ground that Hames' act of writing Johnson's signature on the deeds constituted forgery under Georgia law, since his authority from Johnson was oral only whereas the law requires written authority. Henderson v. Howard, 1917, 147 Ga. 371, 94 S.E. 251; Radcliffe v. Jones, 1932, 46 Ga.App. 33, 166 S.E. 450. Advance recites the maxim that a void deed passes no title. But this contention would more properly be raised by Johnson, who has not asserted it, and indeed appears to have ratified the signatures. The alleged forgery could not in any event cause injury to Advance since it occurred after Advance had parted with title. Further, the trial court held that Advance had itself ratified the acts of its agent, Hames, in selling the properties and signing Johnson's name. In this connection, indulging all permissible inferences in favor of Advance, we agree that the subsequent security interest recognizing the senior mortgages at issue here constituted ratification as a matter of law. Advance claims mainly that it did not know Johnson had not signed the papers himself and that it did not know Johnson was related to Hames, but these

contentions, even if we accept them, are immaterial since Advance knew Hames ultimately controlled the properties and that he had subjected them to appellees' mortgages, and it looked to Hames for its remuneration. Under Georgia law, ratification of an unauthorized act of an agent can arise from slight acts of affirmance or even from mere silence or acquiescence when it appears that the principal has received the fruits of the unauthorized act. Nations v. Russell, 1942, 68 Ga.App. 329, 22 S.E.2d 756; Causey v. Gulf Life Ins. Co., 1940, 62 Ga.App. 378, 8 S.E.2d 535; Groover v. Savannah Bank & Trust Co., 1939, 60 Ga.App. 357, 3 S.E.2d 745.

Affirmed.