No. 35.—HARDEMAN & HAMILTON, plaintiffs in error, *vs.* GARY G. FORD, defendant.

[1.] The primary obligation of an agent or factor, whose authority is limited by instructions, is to adhere faithfully to those instructions: for if he unnecessarily exceed his commission, or risk his principal's effects without authority, he renders himself responsible to his principal for the consequences of his act; and if loss ensue, it furnishes no defence to him, that he intended the benefit of his principal.

[2.] When the fact of agency is to be proved by the *subsequent ratification* and adoption of the act by the principal, there must be *evidence* of previous knowledge, on the part of the principal, of *all the material facts.*

In Dooly Superior Court.   Tried before Judge POWERS. April Term, 1852.

This was an action to recover back money, advanced by the plaintiffs, Hardeman & Hamilton, as cotton factors, to Ford, the defendant.

Plaintiffs proved the advancement of the money as charged in their account, and that they had sold twenty-three bales of

cotton for defendant, at 7½ cents, which left a balance due them from defendant.   They had sold the cotton in New York, March 13, 1848.

The defendant introduced Robert G. Ford, who testified that the cotton was stored with plaintiffs in July, 1847; on which they agreed to advance 9½ cents, but the next day said they could not advance more than 9 cents.   Defendant replied, that he wanted no more advance than the cotton was worth, as he *wanted no anteing back on him*.   Defendant wished his cotton shipped to Savannah—directed plaintiffs not to ship it to New York; that he did not want his cotton to go on the water ; that he had once lost by it.   Cotton was then worth 9 to 10 cents, but afterwards rose to 12½.

The plaintiffs on their part further proved that their account had been shown to defendant, and that he had promised to pay the balance.

The Court instructed the Jury, that if the cotton was shipped at the direction of defendant, then he was liable for the balance due, after deducting the amount of sales; but if, contrary to his direction, the plaintiffs had shipped the cotton, or if they had retained it an unreasonable length of time, and loss ensued, it was their loss and not the defendant's; that commission merchants and factors, if they transcended their instructions, were responsible for the consequences.   That if the defendant, with a full knowledge of what had been done, subsequently promised to pay the balance apparently due, this amounted to a ratification on his part of the actions of his factors ; but they must be satisfied that he made such promise, with a full knowledge of what had been done, or he would not be bound by it.   To which charge of the Court plaintiffs excepted.   The verdict was for defendant, and plaintiffs' counsel made a motion for a new trial, on the following grounds:   First, because the verdict of the Jury was contrary to evidence, and without evidence to authorize it; second, because the verdict is contrary to law; and third, because said verdict is contrary to the charge of the Court. Which motion for a new trial was overruled by the Court, whereupon the counsel for plaintiff excepted.

Hardeman and another *vs.* Ford.

S. & R. P. HALL, for plaintiffs in error.

WARREN & FRANK, HILL & STUBBS, for defendant.

*By the Court.*—WARNER, J. delivering the opinion.

[1.] The motion for a new trial was properly overruled by the Court below, on the statement of facts contained in this record. The cotton was delivered to the plaintiffs in July, 1847, to be shipped to Savannah, but *not to New York.* The plaintiffs were *specially directed* by the defendant, not to send his cotton to New York; said "his cotton never should go on the water, as he had suffered once by his cotton going on the water." The plaintiffs shipped the cotton to New York, and it was sold in that market, on the 13th March, 1848, at 7½ cents. Between the delivery of the cotton to the plaintiffs and the sale thereof, cotton sold for 12½ cents. The plaintiffs advanced 9 cents on the cotton at the time of delivery to them, and now seek to recover from the defendant the difference between the amount of sale in New York and the sum advanced. The primary obligation of an agent, whose authority is limited by instructions, is to adhere faithfully to those instructions: for if he unnecessarily exceed his commission, or risk his principal's effects without authority, he renders himself responsible to his principal for the consequence of his act. If loss ensue, it furnishes no defence to him that he intended the benefit of his principal. *Dunlap's Paley on Agency,* 3. 1 *Livermore on Agency,* 368. The instructions of the principal are at all times to be strictly pursued. *Leverick vs. Meigs,* 1 *Cowen's Rep.* 668.

An agent, constituted for a *particular* purpose, and under a limited and circumscribed power, cannot bind his principal by any act in which he *exceeds his authority;* for that would be to say, that one man may bind another against his consent. *Per Mr. Justice Buller in Fenn vs. Harrison,* 3 *Term Rep.* 762. Here the plaintiffs retained the cotton from July, 1847, until March, 1848, before it was sold, and the question, whether they retained it an *unreasonable length of time,* was properly submit-

ted by the Court to the Jury, upon the evidence in the record. The plaintiffs shipped the cotton to New York contrary to the *express directions of the defendant not to do so*—the loss thereon was their loss, and not that of the defendant.

[2.] But it is said, the Court erred in charging the Jury on the question of *ratification* by the defendant. On that point we find no error in this record: the law was correctly stated to the Jury by the Court. Where the agency is to be proved by the *subsequent ratification* and adoption of the act, by the principal, there *must be evidence of previous knowledge*, on the part of the principal, of *all the material facts.* 2 *Greenleaf's Ev.* §66. *Orrings vs. Hull,* 9 *Peters,* 608. In the case last cited, the Court held, that no doctrine is better settled on *principle* and *authority*, than that the ratification of the act of an agent, previously *unauthorized*, must, in order to bind the principal, be with a *full knowledge of all the material facts*, and that if the material facts be either suppressed or *unknown*, the ratification is invalid.

We find no error in this record, either as it regards the instructions of the Court to the Jury on the law of the case, or in the verdict of the Jury.

Let the judgment of the Court below be affirmed.