### 3934. SUTTON *v.* FARMERS UNION WAREHOUSE COMPANY.

Where one was placed in charge of the business of a corporation by its board of directors, as its general manager, with authority to conduct the business in accordance with his judgment, and from time to time paid out his money in settlement of existing valid debts of the corporation, the payments being made with the knowledge and acquiescence of a majority of the board of directors, *held*, in a suit by him against the

corporation, to recover the money so paid for its use and benefit, that the corporation was liable, and could not set up as a defense that money so paid was merely a voluntary payment, made without its authority.

DECIDED JULY 23, 1912.

Complaint; from city court of Tifton—Judge R. Eve. November 22, 1911.

*R. E Dinsmore, R. D. Smith,* for plaintiff.

*W. A. Hawkins, J. S. Ridgdill,* for defendant.

HILL, C. J. John Y. Sutton brought suit against the Farmers Union Warehouse Company, a corporation, on an open account for money which he had paid out for the use of the corporation. By consent the case was tried by the judge without the intervention of a jury, and he found in favor of the plaintiff the sum of $37.50. The plaintiff excepts to this finding. The facts in the case, substantially stated, are as follows: The Farmers Union Warehouse Company, through its board of directors, elected John Y. Sutton as the general manager of the company, with authority to take charge of its affairs and conduct its business. He found the corporation somewhat involved, and used from time to time his private funds in payment of its valid existing obligations. These payments were made by him with the knowledge and acquiescence of a majority of the officers and directors of the corporation. His suit was brought to recover the payments so made by him for the use and benefit of the corporation. It was agreed that as an accounting was necessary to determine the amount actually due by the corporation, an expert accountant should be employed for the purpose of determining the exact amount, and that this accountant should act with the judge in the trial of the case and report his findings to the judge, but that the ultimate liability of the corporation under the law should be left to the determination of the judge. The accountant reported that the balance due the plaintiff was $594. Included in this balance was the price of a typewriter which belonged to the plaintiff, and this amount was allowed by the judge in favor of the plaintiff, but he disallowed the balance of the account, on the ground that the payments made by the plaintiff while acting as the agent and general manager of the company were mere voluntary payments and wholly unauthorized by the corporation.

The amount of the balance is not disputed, nor is it denied that the payments were made by the plaintiff for and in behalf of the corporation, in settlement of valid existing indebtedness, and that the corporation as a matter of fact received and enjoyed the benefit of the payments. It is also not denied that the management of the affairs of the corporation was left by the board of directors entirely to the general manager, with authority to use his own judgment in its management, and that his conduct in the affairs of the corporation had been very beneficial. The evidence showed that he paid the debts of the corporation and in fact transacted its entire business, the directors giving very little, if any, attention to its management. Some of the directors testified that they knew of the payment of these debts of the corporation by the general manager; and that the payments were made not only with their acquiescence, but with their approval. Other directors testified that they had no knowledge of the payment of these debts, and, so far as they knew, the general manager had no authority from the board of directors to pay them. It is not contended that these debts paid by the plaintiff were contracted ultra vires, or that they did not constitute valid existing obligations of the corporation. The sole contention is that the plaintiff, as the general manager and agent of the corporation, voluntarily paid these debts for the benefit of the corporation, without the authority of the directors. The evidence is clear that the corporation received not only the services of the plaintiff, but also received his money, with the knowledge and approval of the majority of the directors.

If a corporation accepts the services of another, and actually receives and uses money advanced by him for its benefit, with the knowledge of its directors, it would be unjust to permit the corporation, under these facts, to resist the repayment of the money, on the ground that it was paid voluntarily and without authority. *Wood Mining Co.* v. *King, 45 Ga.* 42. A merchant whose agent purchases goods on a credit, although the credit was unauthorized, can not refuse to pay when he has received and sold the goods, especially where he has paid other bills made by the same agent. *McDowell* v. *McKenzie, 65 Ga.* 630. And it is well settled that an unauthorized contract, made by an assumed agent or by a real agent in excess of his authority, becomes binding upon his principal, if the latter accept the benefit of the contract. Such acceptance

amounts to a ratification. *Haney School Furniture Co.* v. *Hightower,* 113 *Ga.* 289 (38 S. E. 761), and citations. Here the evidence largely preponderates in favor of the contention that the plaintiff, as general manager, had express authority from the board of directors to advance the money to pay the debts of the corporation. Whether this is true or not, it is.undisputed that he did pay these valid debts and that the corporation got the benefit of his money. We think, therefore, that the learned trial judge erred in finding that the plaintiff was not entitled to recover the undisputed amount which he had paid out for the use of the corporation, and of which the corporation had received the full benefit. The question of whether he had express authority to pay the debts is not material, in view of the evidence that he was put in charge of the business of the corporation and intrusted with its entire management by the board of directors, and that these debts were paid by him for the use and benefit of the corporation, and accepted by it. Authority to pay these debts was implied; but whether it was or not, the actual payment of valid debts against the corporation, and the use by the corporation of the plaintiff's money, entitled him to recover it back.                *Judgment reversed.*