9286. Coursey, sheriff, for use, etc., v. Consolidated Naval
Stores Company et al.

Jenkins, J. 1. In a suit on a forthcoming bond given in a claim case,
it is incumbent upon the plaintiff to show that the property has been
found subject to the execution, and either that a demand for the prop-
erty has been made and refused, or that it was not produced at the time
and place of sale as designated by the advertisement. *Stinson* v. *Hall*,
54 *Ga.* 676. Where the record, as in this case, fails to disclose any
such demand, and proof of the advertisement has been excluded by the
court, and there is no exception taken to this ruling, a breach of the
obligation would ordinarily fail to appear. But since, under the evi-
dence in this case, the jury were authorized to find that the claim-
ant who gave the bond appropriated the property by a subsequent
sale thereof, the evidence was sufficient to establish a breach of its obli-
gation, and to show that an advertisement was unnecessary, as such a
sale would put it beyond the power of the obligor to deliver the prop-
erty. *Lassiter* v. *Byrd*, 55 *Ga.* 606.

2. Where in such a suit the defendant named as obligor in the bond files
a plea of non est factum, denying that the person signing the bond as
agent was authorized so to act, it is incumbent upon the plaintiff to
carry the burden of proof by establishing the authority of the one thus
acting as agent to bind his principal. *Bank of Norwood* v. *Chapman*,
19 *Ga. App.* 709 (6), 710 (92 S. E. 225). But such proof may be sup-
plied by showing a ratification by the principal of the act of the agent;
and if shown, the ratification will relate back to the act ratified. Civil
Code (1910), § 3591.

3. If the principal, with full knowledge of all the material facts, accepts
and retains the benefits of the unauthorized act of an assumed agent,
he will ordinarily become bound thereby. *Haney Co.* v. *Hightower
Institute*, 113 *Ga.* 289, 296 (38 S. E. 761); *Roberts* v. *Bank of Eufaula*,
20 *Ga. App.* 221 (3), 226 (92 S. E. 1015); *Sutton* v. *Farmers Ware-
house Co.*, 11 *Ga. App.* 338, 340 (75 S. E. 336). Whether or not such
a ratification has resulted is usually a question of fact, to be deter-
mined by the jury, and not a question of law for the court. *Burr* v.
*Howard*, 58 *Ga.* 564; *Dixon* v. *Bristol Savings Bank*, 102 *Ga.* 461 (31
S. E. 96, 66 Am. St. R. 193); *McKinnon* v. *Hope*, 118 *Ga.* 462 (45 S. E.
413).

4. There was evidence going to show that after the execution of the bond
sued on, the obligor proceeded to sell for its own benefit the property
embraced in the claim; and evidence was offered for the purpose of
showing that the person conducting this sale on behalf of the obligor
was previously notified of the pendency of the claim proceedings, and
was shown the bond purporting to have been given by defendant therein.
The exclusion of the evidence thus offered was erroneous, and the issue
as to whether or not the defendant thus ratified the act of its assumed
agent in the execution of the bond, by receiving with knowledge a benefit
thereunder, should have been submitted to the jury.

*Judgment reversed. Wade, C. J., and Luke, J., concur.*

Decided July 30, 1918.

Action upon bond; from city court of Swainsboro—Judge Kirkland. August 28, 1917.

*Williams & Bradley,* for plaintiff.

*J. Alex. Smith & Son, Travis & Travis, F. H. Saffold,* for defendants.