### 14266. PILCHER & DILLON *v.* SMITH.

1. Where a cotton factor violates instructions from his principal to sell cotton belonging to the principal, the failure of the principal to repudiate the acts of the agent within a reasonable time after knowledge thereof

amounts to a ratification of the agent's act in failing to sell as instructed.

2. A witness may testify as to the state of the market in a particular locality respecting a certain commodity during a certain period, when his knowledge is derived solely from the receipt of daily market quotations of the locality during that period. *Central Railroad &c. Co.* v. *Skellie*, 86 *Ga.* 686 (12 S. E. 101).

DECIDED FEBRUARY 22, 1924.

Complaint; from Warren superior court—Miles W. Lewis, judge pro hac vice. December 23, 1922.

Pilcher & Dillon brought suit against C. M. Smith to recover an amount alleged to be due for certain advances made to him by the plaintiffs upon his cotton in their possession as cotton factors. The plaintiffs credited the account with the amount realized from the sale of the cotton, which was less than the amount advanced to the defendant, and brought suit for the balance. The defendant denied the indebtedness, and alleged that on a certain date when the market in Augusta, where the cotton was located, had reached 46 cents per pound, he notified the plaintiffs to sell his cotton, if they could do so for 45 cents per pound; that his cotton at the time would have brought 45 cents per pound, but the plaintiffs failed to sell it as instructed. The defendant filed a counter-claim, alleging that the plaintiffs had violated his instructions to sell the cotton, to his damage in the amount of the difference between 45 cents per pound, the price which the cotton would have brought had it been sold as per his instructions, and 15 cents per pound, the price at which the cotton was afterwards sold. The plaintiffs filed an amendment or replication, to the effect that the defendant afterwards, when the same grade of cotton had declined to 21 cents per pound, agreed to place with the plaintiffs sufficient money to cover advances which they made to him, and that by reason of such conduct the defendant, who inferentially knew that the plaintiffs had not sold the cotton, was estopped from defending or claiming damages upon the ground that they had violated his instructions to sell the cotton at 45 cents per pound. There was evidence in support of the facts alleged in the plaintiff's replication. There was evidence that the defendant was notified by the plaintiffs that he had not sold the cotton and that the defendant failed to disaffirm their act in thus disobeying the instructions, but promised to cover the advances by a payment of money to them. The court refused, on request, to instruct the jury that such conduct upon the part of

the defendant constituted an estoppel, but instructed them that it would not amount to an estoppel as a matter of law, but that the jury would consider it, together with other evidence, in passing upon the question as to whether or not instructions were given to sell the cotton at 45 cents per pound. The jury found for the defendant damages in a certain sum. The plaintiffs filed a motion for a new trial and therein excepted to the charge given by the court and to the court's refusal to charge as requested, and also objected to the exclusion of certain testimony as to the state of the market in Augusta at the time when it was alleged that the plaintiffs were instructed to sell his cotton. This motion the court overruled, and the plaintiffs excepted.

*R. W. Ware, L. D. McGregor,* for plaintiffs.

*M. L. Fells,* for defendant.

STEPHENS, J. (After stating the foregoing facts.) "A ratification may be expressed or implied from the acts or silence of the principal." Civil Code (1910), § 3591. Where a cotton factor has disobeyed instructions, by refusing to sell cotton belonging to his principal, it is the duty of the principal upon being informed of the fact, either to affirm the act of the principal or to dissent therefrom. "The agent must act within the authority granted to him, reasonably interpreted; if he exceeds or violates his instructions, he does it at his own risk, the principal having the privilege of affirming or dissenting, as his interest may dictate." Civil Code (1910), § 3576. Silence by one who is under a duty to speak will amount to a ratification. A factor who disobeys his instructions to sell may be considered as having purchased the property himself, and is liable to his principal for the amount for which the property would have sold had the factor obeyed his instructions. The principal can sue him and recover as upon an implied contract of purchase, or upon the theory of money had and received. The factor, under such circumstances, is entitled to retain the property as his own, and, if the market is declining, sell it at the earliest opportunity for his own benefit and thereby minimize his loss. The principal, therefore, upon ascertaining that the factor has violated his instructions to sell is under an imperative duty to speak. He can ratify the failure of his factor to sell as instructed and retain the cotton as his own, or he may dissent from the act of his agent in violating instructions and thereby place himself in the attitude

of insisting that the transaction be treated as if the agent had followed instructions and sold the cotton. The agent then is responsible to him as if the agent had been the purchaser. The principal's conduct, therefore, after he has been informed of the conduct of the agent, necessarily affects the agent's rights in the matter. If the agent has become the purchaser of the cotton, it may be to his interest to sell it upon his own account. If he has not become the purchaser of the cotton, he is only a bailee subject to further instructions from his principal. The principal's silence and failure within a reasonable time to repudiate the agent's act, therefore, necessarily amounts to a ratification of the agent's act in violating instructions to sell, and he cannot afterwards hold the agent liable for any damage which the principal may have sustained by virtue of the agent's conduct. The instruction of the court not being in accordance with the rulings herein made, and the jury having found for the defendant principal upon his counterclaim, the court erred in overruling the plaintiff's motion for a new trial.

See, in this connection, *Vinson* v. *Kinney*, 30 *Ga. App.* 731 (119 S. E. 217) ; Mattehws *v.* Coe, 49 N. Y. 57; Field *v.* Farrington, 10 Wall. (U. S.) 141 (19 L. ed. 923) ; Douglass *v.* Kraft, 9 Calif. 562; *Bray* v. *Gunn*, 53 *Ga.* 144; *McLendon* v. *Wilson*, 52 *Ga.* 41 (2) ; *Owsly* v. *Woolhopter*, 14 *Ga.* 124; *Palmer* v. *McNatt*, 97 *Ga.* 435 (25 S. E. 406).

*Judgment reversed.   Jenkins, P. J., and Bell, J., concur.*