*C. L. Cowart, Hitch, Denmark & Lovett,* for plaintiff.
*A. S. Way, J. T. Grice,* for defendants.

---

## 15060. THOMPSON *v.* NEELY & WILCOX.

In this action on notes, where the defendant pleaded damage because of the wrongful sale by the plaintiff factors of certain cotton pledged as security for the debt, the proceeds of which were credited, the evidence showed conclusively that the defendant ratified the sale, even if made in violation of instructions; and a verdict being demanded for the plaintiffs, the court did not err in giving direction accordingly.

DECIDED APRIL 23, 1924.

Complaint; from city court of Waynesboro—Judge W. H. Davis. September 4, 1923.

*E. V. Heath,* for plaintiff in error.
*Hull & Barrett, F. S. Burney,* contra.

BELL, J. Neely & Wilcox, cotton factors, after a sale of cotton stored by their customer, S. A. Thompson, and crediting the proceeds upon his notes which had been given for advances, sued him on the notes for the balance,—$4,743.88. He pleaded that as to certain lots the sale was in violation of a special agreement by

the terms of which the factors would not sell without instructions, so long as he kept the cotton properly margined, which he did; and that, the price having advanced, he was damaged in a sum in excess of the balance sued for, which damage he would recoup. At the close of the evidence upon the trial a verdict was directed for the plaintiffs for the full amount sued for, and, a motion for a new trial being made and refused, the defendant excepted.

Assuming that the evidence made an issue in regard to the factors' authority to sell, we think that a finding of ratification was demanded, and hence that the verdict was properly directed. The cotton was placed with the factors in the fall of 1920; it was sold about March 31, 1921. The defendant was furnished promptly with an account of the sales. Within a few days thereafter, early in April, 1921, he called at the plaintiffs' office, and, with full knowledge of all the facts, only complained that "it looked like a h—l of a note to keep it right here until it got to the bottom and then sell it out and to sell it at this low price." At the same time he said to them further: "Well, if this thing is paid, I will have to work it out by degrees; you see the conditions;" to which it was replied: "All right, we are willing to help you out all we can." One of the notes sued on was secured by a deed to certain town property in Vidette, on which was situated a ginnery, while the other note was secured by a deed to 103 acres of land in Emanuel county. This suit was not filed until October 3, 1922, more than 18 months after the sale of the cotton. In the meantime the plaintiffs' claim had been mentioned between the parties on several occasions. The defendant testified that at one time before the suit, when the plaintiffs wanted a payment, he agreed to convey to them absolutely the land in Emanuel county at a valuation of $1,500, to be applied as a credit, and would then pay them the net proceeds of the ginnery after all expenses. On June 7, 1921, he complied with the plaintiffs' demand for insurance upon the ginnery. He had a policy already upon this property, which he caused to be delivered to the plaintiffs on this date, with a clause providing that the loss, if there should be any, should be payable to the plaintiffs as their interest might appear. The defendant further testified: the plaintiffs "asked me in the office why I didn't borrow some money and help them out. I told them that I had an application with the land bank; or he suggested I

might do it, and I told him I already had an application with the land bank. . . As to how I expected to pay this balance, will say I didn't know." He testified also: "No, I didn't deny their right to sell it. . . Although I commented upon the cotton being sold at that low price, I didn't dispute the authority of Neely & Wilcox to sell it. I didn't then and have not since protested the right of Neely & Wilcox to sell it." It appears that the cotton was sold on a basis of a certain grade at 11-1/4 cents per pound. The price thereafter declined further, but advanced before the suit to 23 cents per pound. The defendant had requested that no suit be instituted, but that he be given time to work out the plaintiffs' claim. Apparently they granted a considerable indulgence. The above is a statement only of so much of the facts as appear without dispute. There is no testimony inconsistent therewith, and whether the defendant ratified the plaintiffs' act will depend solely upon the inferences to be drawn from the facts stated.

While it is true that "Where reasonable men might differ as to the inferences to be drawn from certain evidence, the matter should be left to the jury although there may be no conflict in the evidence" (*Dixon* v. *Bristol Savings Bank,* 102 *Ga.* 461 (2), 469, 31 S. E. 96, 66 Am. St. Rep. 193), and that whether or not a ratification has resulted is usually a question of fact to be determined by the jury (*Coursey* v. *Consolidated Naval Stores Co.,* 22 *Ga. App.* 538 (3), 96 S. E. 397), we think that the only inference that can reasonably be drawn from the facts given above is one of ratification. "A ratification by the principal relates back to the act ratified, and takes effect as if originally authorized. A ratification may be express, or implied from the acts or silence of the principal. A ratification once made can not be revoked." Civil Code (1910), § 3591. "Where a principal is informed by his agent of what he has done, the principal must express his dissatisfaction within a reasonable time, otherwise his assent to his agent's acts will be presumed. Carnes *v.* Bleecker, 12 Johns. (N. Y.) 300; Foster *v.* Rockwell, 104 Mass. 170. Ratification will be inferred where the agent has notified the principal by letter of his act and the principal has not repudiated it. Unless the principal repudiates the act promptly or within a reasonable time, a ratification will be presumed. *Bray* v. *Gunn,* 53 *Ga.* 144; *Owsley*

v. *Woolhopter,* 14 *Ga.* 124; *Mapp* v. *Phillips,* 32 *Ga* 72; *Smith* v. *Holbrook,* 99 *Ga.* 256 (25 S. E. 627); *Whitley* v. *James,* 121 *Ga.* 521 (49 S. E. 600)." *Brooke* v. *Cunningham,* 19 *Ga. App.* 21 (5) (90 S. E. 1037); *Pilcher* v. *Smith,* 31 *Ga. App.* 606 (121 S. E. 701). "To bind the principal, there is no necessity for a positive or direct confirmation on his part, of the act of the agent, but it may arise by implication, from the acts or proceedings of the principal in pais. 3 Chitty on Com. and Manuf. 197, 198. 1 Livermore on Agency, 45; Story on Agency, § 253. And for this purpose the acts and conduct of the principal are construed liberally in favor of the agent. Slight circumstances and small matters will sometimes suffice to raise the presumption of ratification." *Byrne* v. *Doughty,* 13 *Ga.* 46 (3) (4), 52; *Strong* v. *West,* 110 *Ga.* 382 (1), 387 (35 S. E. 693). "If an agent, acting in good faith, disobey the instructions of his principal, and promptly informs the principal of what he has done, it is the duty of the principal, at the earliest opportunity, to repudiate the act if he disapprove. Silence in such a case is a ratification. See the case of *McLendon* v. *Wilson & Calloway,* 52 *Ga.* 41." *Bray* v. *Gunn,* supra.

It is unnecessary to rule whether the failure on the part of the defendant to deny the plaintiffs' authority, for a period of 18 months after knowledge, was, as a matter of law, a delay for an unreasonable time. This is not a case of mere silence, but of acts and conversations, implying approval, with never a protestation until suit. Assuming without deciding that the period of time involved was not unreasonable as a matter of law and should be considered only as a circumstance, the circumstances as a whole certainly raised a presumption of ratification; and there being no effort to explain them away, there was nothing for the jury to decide. See *Patterson* v. *Whaley,* 7 *Ga. App.* 306 (66 S. E. 804). Where there is no conflict in the evidence, and that introduced with all reasonable deductions or inferences therefrom demands a particular verdict, the court may direct the jury to find for the party entitled thereto. Civil Code (1910), § 5926.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*