## FIRST NAT. BANK OF GAINESVILLE, GA., v. BIDDLE.

Circuit Court of Appeals, Fifth Circuit.
October 26, 1927.

No. 4918.

1. **Banks and banking** ⟊90—Acceptance and retention by principal of deeds to land obtained by agent held waiver of right to hold agent liable for defective title.

Plaintiff deposited money with defendant bank, to be paid on delivery to it of conveyances of certain lands. On receiving the deeds he learned that full title to one of the tracts was not conveyed, but retained the deeds and undertook to purchase the outstanding interest. *Held*, that by so doing he waived any right to hold defendant liable for disobeying alleged instructions to require a legal opinion as to the title before paying out the money.

2. **Principal and agent** ⟊75—Principal cannot in part ratify and in part repudiate act of his agent.

A principal cannot in part ratify and in part repudiate the act of his agent.

3. **Principal and agent** ⟊75—Principal, not rejecting act of his agent within reasonable time, ratifies it.

A principal, who does not reject the act of his agent within a reasonable time, is deemed to have ratified it.

In Error and Cross-Error to the District Court of the United States for the Northern District of Georgia; Samuel H. Sibley, Judge.

Action at law by William C. Biddle against the First National Bank of Gainesville, Ga. To review the judgment, both parties bring error. Reversed on defendant's writ, and cause remanded.

Grover Middlebrooks and Carl N. Davie, both of Atlanta, Ga., and Chas. S. Reid, of Gainesville, Ga. (Bryan & Middlebrooks, of Atlanta, Ga., on the brief), for plaintiff.

A. C. Wheeler, of Gainesville, Ga., for defendant.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. William C. Biddle sued the First National Bank of Gainesville, Ga., to recover $10,350, for violation of instructions alleged to be contained in an escrow agreement. According to plaintiff's evidence, on February 14, 1927, he deposited with the bank in escrow $23,000, to be paid to the owners of two adjoining tracts of land upon delivery of deeds, accompanied by an attorney's opinion that the title was good. The bank admits receiving the deposit, but denies that its instructions were to require an attorney's opinion, and claims that it was instructed to make payment upon delivery of the deeds and request of one D. L. Evans. There was nothing in writing to evidence either the agreement or the instructions that were given.

It is undisputed that Evans had an option on the land, and the plaintiff knew this; that on February 17, Evans and the owners came to the bank with the deeds, but without an attorney's opinion on the title; that on that day, with the approval of Evans and the owners, the bank paid to one of the owners $10,000, to the other $4,000, and to Evans the balance of $9,000; that the deeds were recorded and sent to the plaintiff, who received them on February 23; that one of the deeds excepted an undivided half of the mineral interest in two lots; that, immediately upon their receipt, plaintiff noticed and realized the defect in title, and that there was no attorney's opinion among the papers; that, with this notice and knowledge, plaintiff early in March, 1923, arranged to acquire the outstanding mineral interest for $1,350; that he sent that amount to the bank, which paid it out upon receiving a deed conveying such interest; that $1,000 of this amount was paid to Evans and $350 to the record owner. Plaintiff testified that he did not learn that any part of the purchase price was paid to Evans until several months thereafter, but even after that he kept the property.

The jury at first returned a verdict for $10,350, the full amount claimed by plaintiff; but the District Judge thereupon instructed them that the plaintiff could not re-

cover the $9,000 which the bank paid to Evans, but might recover the additional amount he paid out in order to perfect his title. In accordance with this charge the jury returned a verdict for $1,350. The bank assigns error on the refusal of the court to direct a verdict to the effect that it was not liable in any amount. On cross-assignments of error, Biddle insists that the court erred in refusing to accept the verdict for the full amount claimed by him.

[1] In our opinion the District Judge was clearly right in refusing to allow the bank to be held liable for the $9,000 paid to Evans upon delivery of the deeds. According to the undisputed evidence, the owners of the land were not named, Evans held an option to purchase, and plaintiff knew that a clear title could not be delivered without his consent. So far as the bank is concerned, however it may be as between Biddle and Evans, the method of payment of the purchase price was not in violation of instructions. If the bank had paid it to the owners, and they in turn had settled with Evans, the result would have been the same, as the amount Evans received was paid to him with their consent.

[2, 3] We are of opinion, also, that plaintiff's evidence fails to sustain the verdict allowed to stand for the amount he paid to clear his title. As soon as plaintiff received the deeds, he became aware that the title was not perfect, and that the bank had not required an attorney's opinion on it. He was then put to his choice, either to take the title as it stood, or to repudiate the entire transaction and return the papers to the bank. He could not, with full knowledge of what had occurred, at one and the same time accept such title as was tendered, keep the property thereby conveyed, and hold the bank for the cost of acquiring the outstanding mineral interest. By accepting the deeds he ratified the action which the bank had taken as his agent. A principal cannot in part ratify and in part repudiate the act of his agent. Bray v. Gunn, 53 Ga. 144; Ingraham v. Barber, 72 Ga. 158. See, also, Thompson v. Neely, 32 Ga. App. 131, 123 S. E. 171; 21 R. C. L. 923; 1 Mechem on Agency, § 410. The rule that a principal, who does not reject his agent's act within a reasonable time, is deemed to have ratified it, is supported by the great weight of authority. Law v. Gross, 1 Black, 533, 17 L. Ed. 185, cited with approval in Clews v. Jamieson, 182 U. S. 461, 483, 21 S. Ct. 845, 45 L. Ed. 1183.

Defendant in error takes nothing by his cross-writ. On the original writ of error the judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.