41134. RITCHIE GAS OF CORNELIA, INC. v. FERGUSON et al.

DECIDED FEBRUARY 11, 1965.

Baker, McDaniel & Hall, William J. McDaniel, Kimsey & Kimsey, Herbert B. Kimsey, for plaintiff in error.

Jack N. Gunter, Telford, Wayne & Greer, Tifton L. Greer, contra.

EBERHARDT, Judge. Giving that construction to the order or judgment overruling the plea of res judicata which would support it, the recital that a general demurrer filed by Ritchie Gas Company, Inc. to the second suit was stricken on the ground that the demurrant was not a party to that suit, together with the appearance of Ritchie Gas of Cornelia, Inc. filing the plea in the same action is sufficient to indicate that these were two separate corporations and that the naming of Ritchie Gas Company, Inc. as defendant in the first suit was not a mere misnomer, thus the case of *Rhodes v. City of Louisville,* 121 Ga. 551 (49 SE 681) has no application. Consequently, the order sustaining the general demurrer of Ritchie Gas of Cornelia, Inc. to the first suit and dismissal of the petition as to it could not have the effect of dismissing the petition as to Ritchie Gas Company, Inc., and as to it the suit is still pending. Nothing in that petition indicates that Ritchie Gas of Cornelia, Inc. was a necessary or proper party; thus there was no defect to cure in that respect as was the case in *Mayor &c. of Brunswick v. Finney,* 54 Ga. 317, and the filing of a general demurrer in the first suit by Ritchie Gas of Cornelia, Inc. had no better standing than an attempted intervention in a suit at law. See *Todd v. Conner,* 220 Ga. 173, 179 (137 SE2d 614).

The two suits not being between the same parties,[1] the sustaining of the demurrer of one who was not a party to the first suit is not res judicata as to the second. *Russ Transport, Inc.*

---

[1] While the phrase "same parties" does not mean that all of the parties on the respective sides of the litigation in the two cases shall have been identical, it does mean that those who invoke the defense and against whom it is invoked must be the same. *Darling Stores Corp. v. Beatus,* 199 Ga. 215 (33 SE2d 701).

*v. Jones*, 104 Ga. App. 612 (122 SE2d 282); *Sims T. V., Inc. v. Fireman's Fund Ins. Co.*, 108 Ga. App. 41, 44 (131 SE2d 790); *Hill v. Armour Fertilizer Works*, 21 Ga. App. 45 (1) (93 SE 511). Nor is the judgment a bar when it is not based upon the merits of the case. *Keith v. Darby*, 104 Ga. App. 624 (1, 3) (122 SE2d 463); *Fain v. Hughes*, 108 Ga. 537 (33 SE 1012). *Judgment affirmed. Nichols, P. J., and Pannell, J., concur.*