42943. WREN MOBILE HOMES, INC. v. MIDLAND-GUARDIAN COMPANY OF GEORGIA.

ARGUED JULY 10, 1967—DECIDED NOVEMBER 30, 1967—
REHEARING DENIED DECEMBER 19, 1967—CERT. 

*Hull, Towill & Norman, A. Rowland Dye, Patrick J. Rice,* for appellant.

*Fulcher, Fulcher, Hagler, Harper & Reed, J. Walker Harper,* for appellee.

WHITMAN, Judge. ■ In filing its general demurrer to the plaintiff's petition, as amended, the defendant relies upon the contention that the plaintiff ratified the alleged wrongful acts of the defendant as shown on the face of the petition and, therefore, as a matter of law the plaintiff cannot withdraw such ratification and look to the defendant for reimbursement.

Both parties rely upon well established legal principles. An agent who violates or exceeds the instructions of his principal will be liable to the principal for any damage or loss occasioned thereby. *Hardeman v. Ford,* 12 Ga. 205 (1) ; *Benton v. Roberts,* 35 Ga. App. 749 (134 SE 846). Generally, see 3 CJS 29, 224, Agency, §§ 147, 286. But as between the principal and the agent, where the principal ratifies the unauthorized actions of his agent he thereby absolves the agent from all responsibility for loss or injury growing out of the unauthorized acts, provided such ratification is with knowledge of all the material facts and circumstances connected with the unauthorized acts to which the ratification relates. *Hardeman v. Ford,* 12 Ga. 205 (2), supra;

*Turner v. Joiner,* 77 Ga. App. 603 (4) (48 SE2d 907). Generally, see 1 Mechem, Agency (2d Ed.) pp. 286, 363, §§ 395, 496; 2 CJS 1081, Agency, § 42.

The defendant, in its brief, calls the court's attention to the result in the prior suits by Horace and Eunice Otis against Midland-Guardian based upon the alleged wilful acts of its agent, Wren. *Code* § 4-312 provides: "The principal shall not be liable for the wilful trespass of his agent, unless done by his command or assented to by him." *Code* § 105-109 provides: "By ratification of a tort committed for one's benefit, the ratifier becomes liable as if he had commanded it." It is contended by defendant that the result in the Otis case requires the conclusion that the jury verdicts could be based on only two theories: "(1) At the time of the repossession the defendant was acting pursuant to the instructions of the plaintiff; or (2) defendant's acts were assented to or ratified by the plaintiff Midland-Guardian." In connection with these contentions see the fourth division of this opinion in relation to Wren's construction of the Otis petitions as being predicated solely on the theory of ratification.

In relying on the judgments in the Otis cases, defendant apparently seeks an application of the doctrine of res judicata which makes the judgment of a court of competent jurisdiction conclusive in any subsequent litigation as to all matters put in issue or which might legally have been put in issue.

The application of this rule, however, requires, among other things, that in the former litigation and in the subsequent litigation the parties and their privies shall be the same. *Buie v. Buie,* 175 Ga. 27 (3) (165 SE 15); *Owens v. Williams,* 87 Ga. App. 238 (2) (73 SE2d 512), and cases cited. See also *Bowman v. Bowman,* 215 Ga. 560 (111 SE2d 226); *Lewis v. Price,* 104 Ga. App. 473 (122 SE2d 129); *Ritchie Gas of Cornelia, Inc. v. Ferguson,* 111 Ga. App. 187 (140 SE2d 925).

Wren, though initially made a party defendant in the Otis litigation, was voluntarily dismissed from the Otis suits before the trial thereof and, therefore, was not affected thereby and cannot rely on the judgments therein. There having been no judgment in the Otis cases either for or against Wren, the judgments

in the Otis cases have no effect in the case sub judice between Midland-Guardian and Wren. Wren is not a privy of Midland-Guardian within the meaning of *Code* § 110-501. See *Owens v. Williams*, 87 Ga. App. 238, supra; *Russ Transport, Inc. v. Jones*, 104 Ga. App. 612 (122 SE2d 282).

■ In support of its general demurrer, defendant also points out that the plaintiff has incorporated the pleadings of the Otis suits into its petition in the present suit by attaching them as exhibits and making special reference thereto. There is nothing in the record to show what the evidence was on the trial of the Otis cases. The pleadings in the Otis cases include the answer filed by Midland-Guardian and show that Midland-Guardian denied the various allegations of Horace and Eunice Otis alleging that the acts of its agent, Wren, were wrongful, wilful, malicious and contrary to law. By so answering the Otis' allegations, it is contended that Midland-Guardian defended against the Otis suits on the basis that Wren had not acted in a wrongful manner. Thus it is said that Midland-Guardian has ratified because of the general rule that bringing a suit or basing a defense on the unauthorized acts of one's agent unequivocally shows ratification. 3 AmJur2d 559, Agency, § 174; 1 Restatement 2d, Agency 2d, p. 250, § 97.

The court does not so construe this rule. The rule requires the adoption of an agent's action in an affirmative fashion such as basing an *affirmative* defense thereon. The petitions in the Otis cases, and particularly Paragraphs 6, 7, 8, 9 and 10 of Counts 1 and 2 as to the Horace Otis suit, and Paragraphs 5, 6, 7, 8 and 9 thereof as to the petition of Eunice Otis, all relate to the nature and manner of the alleged wrongful acts of Wren. Midland-Guardian merely answered these paragraphs by mere denials. Denying allegations that a plaintiff is compelled to sustain with proof is not basing an affirmative defense on the alleged wrongful acts, but is rather to require proof thereof by the plaintiff. There is a distinction between "denial" and an "affirmative defense." See *Bellamy v. Ga. Power Co.*, 70 Ga. App. 175 (27 SE2d 783), where the court said: "Under our practice a defendant may deny as many of the plaintiff's allegations as he sees fit, and the denial of an allegation is not an affirmative declaration that

the allegation is not true, but simply puts the plaintiff on notice that the burden is upon him to prove the allegation." See also *Whitley v. Wilson,* 90 Ga. App. 16 (81 SE2d 877); 71 CJS 309, Pleading, § 146. Moreover, a defendant has the right to deny a paragraph if there is anything in the paragraph that it does deny. *Bellamy v. Ga. Power Co.,* supra.

■ Although in *Otis v. Wren Mobile Homes, Inc.,* supra, it appears that the Otis suits were construed as being predicated solely upon the doctrine of respondeat superior, one of the supplemental briefs of Wren in the case sub judice contains the following statement: "A close reading of said suits will demonstrate that ratification is the only theory relied upon by Eunice and Horace Otis. There is, of course, the essential allegation of agency, but it is obvious that there was an agency relation as to these specified tortious acts only because of the subsequent ratification." It is on the theory of alleged ratification that appellant in its main brief contends that Midland-Guardian expressly ratified the acts of Wren by virtue of amendments to the answers of Midland-Guardian in each of the Otis cases to the effect that Wren in December, 1963, paid $1,000 to Eunice and Horace Otis in consideration of a covenant not to sue and "that said payment should be applied to the damages sued for in this case and the claim against this defendant should be mitigated accordingly." In the Otis cases Wren in its answers denied the allegations of the plaintiffs in respect to the nature and manner of the alleged wrongful acts of Wren similarly to the denials of Midland-Guardian to said allegations, and the covenants not to sue executed by the Otises to Wren did not by any statement therein admit any liability on the part of Wren, nor did said covenants not to sue constitute any admission of liability on the part of Wren. While the covenants not to sue were not releases with the legal effect of releasing Midland-Guardian from liability they were nevertheless equivalent to compromises and did not constitute any admission of liability either on the part of Wren or of Midland-Guardian. In this connection see *Code* § 38-408; *Ga. R. & Electric Co. v. Wallace & Co.,* 122 Ga. 547 (50 SE 478); *Barnett v. Whatley,* 87 Ga. App. 860 (2), 864 (75 SE2d 667). See also 31A CJS 722, Evidence, § 285.

The original Otis suits were filed July 3, 1963. The covenants not to sue were executed in December, 1963. The case of *Wren Mobile Homes, Inc. v. Otis,* supra, was decided April 21, 1965, rehearing denied May 10, 1965, and the Otis suits were dismissed as to Wren on March 14, 1966. The amendments of Midland-Guardian to their answers in the Otis cases were verified March 21, 1966, copies thereof having been served on opposing counsel on March 18, 1966. The amendments under consideration at most only sought a reduction of the recovery, if any, by Eunice and Horace Otis of the $1,000 paid to them by Wren in the event of a recovery by the Otises against Midland-Guardian, and were thus conditional as to such reduction. As above indicated, the allegations did not constitute any admission of liability on the part of Wren or on the part of Midland-Guardian. Midland-Guardian did not participate in the transactions evidenced by the covenants not to sue. The amendments only asserted a legal right in the event there should be a recovery on the part of the Otises or either of them against Midland-Guardian. See *Atlantic C. L. R. Co. v. Ouzts,* 82 Ga. App. 36 (2) (60 SE2d 770); *Malone v. City of Rossville,* 107 Ga. App. 271 (129 SE2d 563).

The appeal in the case sub judice is from the judgment of the trial court overruling general and special demurrers by Wren to the amended petition of Midland-Guardian. The pleadings in the Otis cases are a part of the petition of Midland-Guardian, but the evidence in the Otis cases is not a part of the record in this case. This case seeks the reimbursement of the amounts paid by Midland-Guardian in satisfaction of the executions in the Otis cases, one in favor of Eunice Otis for $800 principal, plus court costs, and the other in favor of Horace Otis in the amount of $200 principal, plus court costs. In view of the allegations in the petition of Horace Otis that the value of the trailer which was repossessed was $3,811 (Paragraph 3 of Counts 1 and 2 of his petition), which although denied by Midland-Guardian was doubtless evaluated by Midland-Guardian at not less than $1,500, as evidenced by their letter of June 27, 1963, hereinafter referred to, it can be said or reasonably inferred that the verdict in favor of Horace Otis for $200 and court costs did not relate to the repossession of the trailer but must have related

only to the taking of his personal property in the trailer even though under the conditional sale contract Midland-Guardian had a right to repossess the trailer and its contents. The verdict in favor of Eunice Otis was evidently predicated on the taking of her personal property which was in the trailer. She had no right to complain of the repossession of the trailer itself and, of course, she did not sue therefor. The pleadings of Midland-Guardian in the Otis cases did not deny the repossession of the trailer but denied the repossession in the manner alleged. In the absence of the record of the evidence in the Otis cases, it cannot be determined whether the amendments relating to credits by way of reduction of the $1,000 paid for the covenants not to sue were established by proof, or if established, how or in what manner or to what extent such reduction, if any, was had or affected the verdicts returned in the Otis cases. See *Butler, Stevens & Co. v. Moseley,* 14 Ga. App. 288 (2) (80 SE 789); *Altman v. Florida-Georgia Tractor Co.,* 217 Ga. 292 (122 SE2d 88).

Wren, the agent, cannot legally urge his own act in procuring from the Otises covenants not to sue as a defense to the suit of Midland-Guardian for reimbursement of loss occasioned by Wren's own unauthorized acts.

■ Finally, with regard to its general demurrer, defendant contends that the plaintiff's petition shows on its face that plaintiff retained the benefits of the defendant's alleged wrongful acts and thereby ratified the same. As above stated, there are attached to the plaintiff's petition as exhibits the pleadings filed in the prior suits by the Otises, including the petitions, as amended, of Horace and Eunice Otis. The Otis petitions both contain, as an exhibit, a letter dated June 27, 1963, from Midland-Guardian addressed to Mr. and Mrs. Otis, which reads as follows: "The following described property has been repossessed by us under the terms of a contract signed by you: [Here follows a description of the house trailer by year, make and serial number]. You are hereby notified that said property will be offered for sale at 10 o'clock a.m. on the 11th day of July, 1963, at Wren Mobile Homes, Inc., 1878 Gordon Highway, Augusta, Georgia. The terms of such sale are cash and the minimum price for which the property may be sold is $1,500. The proceeds

of such sale will be applied to the balance due on your contract and if they are not sufficient to discharge such contract in full you will be held liable for the deficiency."

The letter refers to the house trailer alone. It does not refer to or include the personal property contents of the trailer. Appellant claims that the above exhibit demonstrates that Midland-Guardian retained the benefits of the alleged wrongful acts. Midland-Guardian's petition in this case alleges in Paragraphs 3 and 4 that it instructed Wren to repossess the house trailer on account of default in the payment of the balance due under a title retention contract, and that certain employees of Wren went to the location of the house trailer which was being used as a home by the Otises and *forcibly took possession of the trailer and certain personal property therein*. In the petition of Midland-Guardian as amended there also appear the following allegations: "That on said date certain employees of Wren, whose names are well known to it, went to the location where said house trailer was being used as a home by said Horace and Eunice Otis and forcibly took possession of said house trailer and certain personal property therein. . . That taking the house trailer *by force without the permission* of Horace and Eunice Otis was a *violation of the instructions* given to Wren Mobile Homes, Inc.; and the same was done *without the knowledge* of the plaintiff." (Emphasis supplied.)

By the weight of authority in this state and in other jurisdictions, in order to find an implied ratification of an agent's unauthorized or wrongful acts, such as through retention of the benefits gained thereby, such retention must have been with knowledge of the material facts and of the manner in which the alleged tort was committed. *Hardeman v. Ford*, 12 Ga. 205 (2), supra; *Mapp v. Phillips*, 32 Ga. 72; *Coursey v. Consolidated Naval Stores*, 22 Ga. App. 538 (3) (96 SE 397); *Kelley v. Carolina Life Ins. Co.*, 48 Ga. App. 106 (171 SE 847); *Turner v. Joiner*, 77 Ga. App. 603 (4), supra; 1 Mechem, Agency (2d Ed.), pp. 316, 322, §§ 434, 438; 3 AmJur2d 560, Agency, § 175; 2 CJS 1097, Agency, § 49.

The question for determination is whether the plaintiff's letter to the Otises notifying them of the repossession of the trailer and

the planned public sale of the trailer alone shows *as to Wren* that there was a retention with knowledge of the material facts and thereby negatives plaintiff's allegation that it was "without knowledge." The court is of the view, and so holds, that the letter does not negative plaintiff's allegations for neither the contents of the letter nor the fact that the letter was sent are inconsistent with plaintiff's allegations.

"Whether or not . . . a ratification has resulted is usually a question of fact, to be determined by the jury, and not a question of law for the court. *Burr v. Howard*, 58 Ga. 564; *Dixon v. Bristol Savings Bank*, 102 Ga. 461 (31 SE 96, 66 ASR 193); *McKinnon v. Hope*, 118 Ga. 462 (45 SE 413)." *Coursey v. Consolidated Naval Stores*, 22 Ga. App. 538 (3), supra. See also *Warner v. Hill*, 153 Ga. 510 (112 SE 478).

■ The remaining enumerations assign error on the overruling of certain of defendant's special demurrers. Enumerations 2 and 4 are addressed to the demurrers set forth in Paragraphs 1, 2, 3, 5 and 6 of the demurrers filed March 22, 1967. These demurrers were not timely filed, having been filed after the time specified for so doing in *Code* § 81-301, as amended, and were properly overruled. "A rule well recognized is that a special demurrer must attack the alleged defect at the first opportunity, and that an amendment to a petition, made after the time specified for demurring in *Code* § 81-301, as amended, will not open the petition to special demurrers where, if the petition was defective as contended, the defect was apparent before, as well as after the amendment." *Oxford v. Shuman*, 106 Ga. App. 73, 81 (126 SE2d 522); *First Fed. Savings &c. Assn. v. Dodd*, 222 Ga. 337 (149 SE2d 799).

Enumeration 3 is that "the trial court erred in overruling the appellant's special demurrer to paragraph twelve (12) of the petition, as amended, contending that same constituted a mere conclusion as to plaintiff's right to attorney's fees. (R-62, R-65)."

By reference to the record, page 62, this has relation to Paragraph 4 of the demurrer filed March 20, 1967, relating to substituted Paragraph 12 set forth in plaintiff's amendment filed February 27, 1967. In Paragraph 4 of the demurrer of March 22, 1967, "defendant demurs to plaintiff's petition as a whole

and more particularly to the allegations contained in paragraph twelve (12) thereof wherein plaintiff seeks attorneys' fees on the ground that said allegations constitute a mere conclusion of the pleader in that it is not shown how or in what manner the defendant has been stubbornly litigious or in what manner defendant has caused the plaintiff unnecessary trouble and expense."

Paragraph 4 being a demurrer both to the plaintiff's petition as amended *as a whole,* and also to the allegations of Paragraph 5 of the amended petition, and the demurrer at least not being good as to plaintiff's petition as a whole, the demurrer is imperfect and, therefore, was properly overruled by the trial court. See *Seaboard A. L. R. Co. v. Hollomon,* 97 Ga. App. 16 (102 SE2d 185); *Progressive Life Ins. Co. v. Doster,* 98 Ga. App. 641 (106 SE2d 307); *Devine v. Geiger,* 100 Ga. App. 245 (110 SE2d 687), and *Hughes v. Jackson,* 109 Ga. App. 804 (137 SE2d 487).

*Judgment affirmed. Bell, P. J., and Pannell, J., concur.*