### 43551. COLLINS v. SOUTHSIDE LUMBER COMPANY, INC.

BELL, Presiding Judge. In this suit on account the Civil Court of Fulton County rendered a final judgment by default against appellant on June 6, 1967. On September 5, 1967, appellant filed in the case a motion seeking to set the judgment aside, and after a hearing the court granted the motion to set aside. On appellee's motion for rehearing the court vacated the latter decision on January 4, 1968. The record contains no further order either granting or denying appellant's motion to set the judgment aside. On January 31, appellant filed his notice of appeal designating as the judgments appealed from (1) the final judgment entered on the default on June 6, 1967, and (2) the order of January 4, 1968, vacating the court's previous order setting the judgment aside. *Held:*

The Appellate Practice Act provides that a notice of appeal "shall be filed within 30 days after entry of the appealable decision or judgment complained of." Ga. L. 1965, pp. 18, 21, as amended (*Code Ann.* § 6-803). As to the judgment of June 6, 1967, the notice of appeal on January 31, 1968, was not filed within the time required by the Act, and the specification of that judgment therefore was not sufficient to confer jurisdiction on this court. E.g., *Williams v. State,* 112 Ga. App. 566 (145 SE2d 765). The other decision or judgment specified in the notice of appeal was not a final judgment under Paragraph (a) (1) of Section 1 of the Act (Ga. L. 1965, p. 18; *Code Ann.* § 6-701). The effect of the court's order vacating its previous order setting the judgment aside was merely to leave the motion to set aside pending. Moreover, it was not an appealable decision or judgment under Paragraph (a) (2) of that section as it existed when the notice of appeal was filed, prior to the effective date of the 1968 amendment (Ga. L. 1968, p. 1072) to the Appellate Practice Act. This is true because if the court had denied appellee's motion for rehearing on the motion to set aside, the effect of that decision also would have been to leave the cause pending in the trial court. Further, there is no basis for this court's jurisdiction under the 1968 amendment in the absence of the required certificate of the trial judge. As to the first judgment designated in the notice of appeal, the notice was filed too late. As to the second, the appeal is premature.

The appeal must be dismissed. E.g., *Williams v. Keebler,* 222 Ga. 437 (150 SE2d 674).

*Appeal dismissed. Hall and Quillian, JJ., concur.*

ARGUED APRIL 2, 1968—DECIDED SEPTEMBER 11, 1968.

*Beryl H. Weiner,* for appellant.

*Robert S. Whitelaw,* for appellee.