43828, 43829.   KOHLMEYER et al. v. LIGHTFOOT;
and vice versa.

ARGUED SEPTEMBER 5, 1968—DECIDED DECEMBER 5, 1968.

J. P. Cheney, Fulcher, Fulcher, Hagler, Harper & Reed, W. M. Fulcher, for appellants.

Thomas M. Odom, Florence H. Dendy, for appellee.

QUILLIAN, Judge. ■ The appellants, Kohlmeyer & Company, contend that even assuming the defendant instructed McCord to close his account on November 26, 1965, nevertheless, since the defendant, after being informed that such instruction had not been followed, failed to disapprove or repudiate such action, the defendant's actions constituted a ratification as a matter of law. The appellants argue that the only reasonable inference which can be drawn from the facts is that there was a ratification. Thus, there was nothing for the jury to decide and a verdict should be directed for the appellants in the full amount sought.

In support of its position the appellants cite the rule that "a ratification by the principal relates back to the act ratified, and takes effect as if originally authorized. A ratification may be express, or implied from the acts or silence of the principal. A ratification once made cannot be revoked. . . Where a principal is informed by his agent of what he has done, the principal must express his dissatisfaction within a reasonable time, otherwise his assent to his agent's acts will be presumed. . . Ratification will be inferred where the agent has notified the principal by letter of his act and the principal has not repudiated it. Unless the principal repudiates the act promptly or within a reasonable time, a ratification will be presumed." Thompson v. Neely & Wilcox, 32 Ga. App. 131, 133 (123 SE 171) (citations ommitted). Brooke & Co. v. Cunningham Bros., 19 Ga. App. 21 (5) (90 SE 1037); Pilcher & Dillon v. Smith, 31 Ga. App. 606 (121 SE 701).

In considering this question we recognize the well established principles that the appellants are not entitled to prevail unless the evidence demanded a verdict in their favor and if there is any evidence to the contrary, then the verdict must stand. Reviewing courts have a duty to construe evidence most strongly in favor of a jury verdict, which has been approved by the trial judge. *Richardson v. Barrett*, 90 Ga. App. 714 (84 SE2d 120). After a verdict has been found, the evidence is to be construed most favorably to the prevailing party since every presumption and inference is in favor of the verdict. *McGowan v. Camp*, 87 Ga. App. 671, 674 (75 SE2d 350). Where reasonable men might differ as to the inferences to be drawn from the evidence, the matter should be left to the jury. *Dixon v. Bristol Savings Bank*, 102 Ga. 461, 468 (31 SE 96, 66 ASR 193). Moreover, ordinarily the question of whether a ratification has resulted is for the jury. *Wren Mobile Homes v. Midland-Guardian Co.*, 117 Ga. App. 22, 32 (4) (159 SE2d 734).

In this case there was a clear conflict in the evidence regarding whether the defendant Lightfoot instructed McCord to liquidate his account. The evidence showed that a statement of the defendant's account as of November 30, 1965, was mailed to the defendant; however, McCord in his testimony did not specify when such notice was mailed to the defendant. The notice contained the information that the commodity accounts in question were still open, that is, they had not been closed as of that date. Lightfoot testified that he had no notice in this regard prior to his conversation with McCord on December 9, 1965. Although there was somewhat conflicting testimony as to whether there had been any conversations between the plaintiffs and defendant during the interim, that is, from November 26 to December 9, there was no testimony which would conclusively show the defendant had knowledge prior to that time. As to the day itself, while McCord testified the defendant did not deny owing the indebtedness, the defendant contradicted this.

Under these facts it is apparent that reasonable men might differ as to the inferences to be drawn from the evidence and therefore a jury question was presented. While there was no

showing that the defendant actually stated his repudiation of the plaintiffs' failure to close the account, up until the time the answer was filed to the petition in February 1966, the denial on his part of owing the indebtedness claimed by the plaintiff was sufficient to constitute a repudiation.

"Where by a breach of contract one is injured, he is bound to lessen the damages as far as is practicable by the use of ordinary care and diligence." *Code* § 20-1410. *Mimms v. J. L. Betts Co.*, 9 Ga. App. 718, 720 (2) (72 SE 271). The brokerage contract entered into by the parties provided: "6. You shall have the right, whenever in your discretion you consider it necessary for your protection . . . to sell any or all commodities, securities, or other property in any account of the undersigned and to buy any or all commodities, or securities which may be short in any account of the undersigned, and to close out and liquidate any and all outstanding contracts of the undersigned, all without demand for margin or additional margin, notice of sale or purchase, notice or advertisement of any kind whatsoever."

The evidence shows that on November 29, 1965, the defendant's check for $2,500 was returned unpaid for insufficient funds. On that same day McCord inquired of the Georgia Railroad Bank, Augusta, Georgia, and discovered that defendant's check dated November 26, 1965, in the amount of $5,475 was also unpaid for insufficient funds. The plaintiffs' business record of the defendant's account, introduced into evidence, showed that the two unpaid checks were entered as a debit on December 1, 1965, and that at that time the defendant owed some $12,035. This was a sum the jury found in returning a verdict for the plaintiffs. The plaintiffs were required by law and empowered by the terms of the contract which they seek to enforce to act for their own protection and, if necessary, to liquidate the account. There was evidence from which the jury could have found that the plaintiffs, acting in the exercise of ordinary care and to protect their own interest, should have closed out the account at least by December 1, 1965. Therefore, we cannot hold as a matter of law that the verdict was not authorized by any evidence.

The trial judge did not err in denying the motion for directed verdict and the subsequent motion for judgment notwithstanding the verdict.

■ In his cross appeal (Case 43829) the defendant contends that the jury failed to take into consideration the sum of $3,000 held as a credit to the defendant in a separate account and that this sum should have been deducted from the total sum contained in the verdict. However, this contention is not sustained by the evidence. The plaintiffs' business record, to which reference has been made in the previous division of this opinion, showed that the sum in question was entered as a credit to the defendant's account and was included in the figures showing the amount the defendant owed. Furthermore, McCord positively testified that such amount was credited as against the defendant's liability.

■ In his cross appeal the defendant enumerates as error the grant of the motion for summary judgment as to his counterclaim, the denial of his motion to set aside the summary judgment and the disallowance of his amendment to the counterclaim. The record reveals that on the trial of the case the trial judge orally denied the motion to set aside and orally disallowed the amendment to the counterclaim.

"What the judge orally declares is no judgment until it has been put into writing and entered as such." *Construction &c. Union v. Williams Constr. Co.,* 212 Ga. 691 (1) (95 SE2d 281). *Mid-State &c. Corp. v. Wiggins,* 217 Ga. 372 (2) (122 SE2d 106) and *Seabolt v. Seabolt,* 220 Ga. 181 (1) (137 SE2d 642). As was held in *Williams v. City of LaGrange,* 213 Ga. 241, 242 (98 SE2d 617), "the exception to the announcement of the trial court that the defendant's demurrer to the petition was sustained, which oral declaration was not reduced to writing and entered as the judgment of the court, presents no question for decision by this court." Under authority of these cases we cannot pass upon the enumerations of error concerning the counterclaim and the amendment to the pleadings.

Moreover, since there was a motion to set aside the ruling on the motion for summary judgment and there has been "no judgment," within the meaning of the above cited cases, on

such motion to set aside, it is still pending in the court below. While the motion to set aside the summary judgment is still pending, an enumeration of error as to the summary judgment would be premature. See *Olivet v. State,* 117 Ga. App. 860 (162 SE2d 306); *Collins v. Southside Lumber Co.,* 118 Ga. App. 342 (163 SE2d 755).

*Judgment affirmed on main appeal and on cross appeal. Bell, P. J., and Hall, J., concur.*